STATE of Indiana, Appellant–Plaintiff,

v.

Billie J. ERLEWEIN, Appellee–Defendant.

No. 21A01–0101–CR–00003.

Court of Appeals of Indiana.

Sept. 26, 2001.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas M. Thompson, Smith & Thompson, Connersville, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

The State appeals the trial court's order barring retrial of Billie J. Erlewein for battery, a Class A misdemeanor. We reverse.

### Issues

The State raises the following restated issue for our review: whether principles of double jeopardy or Rule 4(C) of the Indiana Rules of Criminal Procedure preclude the State from retrying Erlewein for battery, a Class A misdemeanor.

### Facts and Procedural History

The facts reveal that on October 22, 1998, the State charged Erlewein with battery, a Class A misdemeanor. On December 2, 1998, Erlewein appeared before Judge Frank W. Messer Jr., and entered a plea of not guilty. That same day, Judge Messer set January 5, 1999, as the initial trial date. On January 5, 1999, Erlewein appeared and Judge Messer conducted an indigency hearing. Judge Messer appointed pauper counsel and set a bench trial for March 22, 1999.

On March 16, 1999, Erlewein moved to continue the bench trial and it was reset for July 26, 1999. On June 21, 1999, the State moved to continue the bench trial and it was reset for September 13, 1999. Judge Messer conducted a bench trial on September 13, 1999. After the State presented its case-in-chief, Erlewein moved for a directed verdict on the basis of improper venue. Judge Messer took Erlewein's motion under advisement, and the bench trial proceeded. After Erlewein rested, Judge Messer informed the parties that the matter would be taken under advisement.

On February 29, 2000, the State filed with the trial court a Praecipe for Withdrawal of Jurisdiction and Transfer to the

Supreme Court. On May 30, 2000, the Indiana Supreme Court issued an order appointing Daniel L. Pflum as Special Judge in the case. On April 23, 2001, Special Judge Pflum issued an order to the parties providing in pertinent part that:

The Court being duly advised directs the parties to file memorandum [sic] within 30 days on the following issue. Can the current judge review the record of proceedings to determine if the State proved venue. If not then the Court would have to declare a mistrial. If a mistrial is declared would the new trial constitute double jeopardy.

R. 49. On July 25, 2001, Special Judge Pflum sua sponte declared a mistrial after reviewing the parties' memorandum and the tape of the bench trial conducted on September 13, 1999. In addition, Special Judge Pflum ordered the parties to file within thirty days memoranda on whether or not a new trial would violate double jeopardy.

On July 26, 2000, the State filed a motion with the trial court requesting that Special Judge Pflum reconsider the decision to declare a mistrial. On July 27, 2000, Judge Pflum issued the following order that provides in pertinent part:

The Court being duly ordered will not reconsider it's [sic] declaring a mistrial and it will not and cannot judge the credibility of the two witnesses without seeing the evidence as they testify.

R. 57.

On September 18, 2000, Special Judge Pflum entered an order barring retrial of Erlewein's battery charge on the basis of double jeopardy. This order provides in pertinent part:

On September 13, 1999, a bench trial was held in this case. At the close of the State's case [Erlewein] moved for a Directed Verdict on the grounds that the State did not prove venue. The Court stated that it would hear [Erlewein's] evidence and at the conclusion of the trial listen to the tape and determine if venue was established. If venue was established the Court would determine guilt or innocence.

The trial judge did not make a ruling. The State on February 29, 2000, without any request on the record to the Court to enter a ruling, filed a Praecipe for Withdrawal of Jurisdiction pursuant to Rule TR [sic] 53.1. The case was then assigned to the undersigned special judge.

After consulting with counsel the undersigned listened to less than five minutes and determined that the State had established venue. Because the case was Battery with only [Erlewein] and the alleged victim as witnesses the Court determined that it could not make a finding of guilt beyond a reasonable doubt by only listening to the tape recording of the hearing; it needed to see the witnesses testify in person. The Court therefore had no option but to declare a mistrial.

The question before the Court at this time is "Does the granting of a mistrial constitute double jeopardy?" A second trial is barred on double jeopardy grounds if the prosecutor brought about the mistrial with the intent to cause termination of the trial.

In the case at hand the State filed its praecipe knowing that it would obtain a new trier of facts. The record does not show a reminder to the trial judge that he needed to make a ruling. If the State had reminded the trial judge and the trial judge did not enter a ruling then the outcome may be different. Here the State knowingly and deliberately filed its Praecipe knowing that no trier of facts in a criminal case could make a finding of guilty beyond a rea-

sonable doubt without seeing the witnesses so as to judge their credibility especially when there are only the two opposing witnesses.

The Court therefore has no option but to find that a retrial is barred by the doctrine of double jeopardy.

R. 58–59. This appeal ensued.

### Discussion and Decision

### I. Double Jeopardy

The State first contends that double jeopardy does not bar a retrial of Erlewein for battery, a Class A misdemeanor. We agree.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Indiana Constitution, Article 1, § 14 provides: "No person shall be put in jeopardy twice for the same offense." These constitutional directives against double jeopardy are codified in Indiana Code section 35–41–4–3, which provides that:

(a) A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if:

(1) the former prosecution resulted in acquittal or conviction of the defendant (A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.); or

(2) the former prosecution was terminated after the jury was impaneled and sworn or, in a trial by the court without a jury, after the first witness was sworn, unless (i) the defendant consented to the termination or waived, by motion to dismiss or otherwise, his right to object to the termination, (ii) it was physically impossible to proceed with the trial in conformity with law, (iii) there was a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law, (iv) prejudicial conduct, in or outside the courtroom, made it impossible to proceed with the trial without injustice to either the defendant or the state.... (b) If the prosecuting authority brought about any of the circumstances in subdivisions (a)(2)(i) through (a)(2)(vi) of this section, with the intent to cause termination of the trial, another prosecution is barred.

▪▪▪ The protection against double jeopardy will not prevent a retrial of the offense if: (1) a defendant waives his right to raise double jeopardy claims; (2) a defendant consents to the termination of proceedings after jeopardy has attached; or (3) the termination is required by "manifest necessity." *Ried v. State,* 610 N.E.2d 275, 278–79 (Ind.Ct.App.1993). Moreover, a defendant waives his right to raise double jeopardy by failing to make a timely objection to the court's declaration of a mistrial. *Jester v. State,* 551 N.E.2d 840, 841 (Ind.1990). Further, if a defendant moves for or consents to a mistrial, the defendant forfeits the right to raise a double jeopardy claim in subsequent proceedings unless the motion for mistrial was necessitated by governmental conduct "intended to goad the defendant into moving for a mistrial." *Willoughby v. State,* 660 N.E.2d 570, 576 (Ind.1996).

In the present case, the State on February 29, 2000, filed with the trial court, a motion pursuant to Indiana Trial Rule 53 entitled "Praecipe for Withdrawal of Jurisdiction and Transfer to the Indiana Supreme Court." The State filed the motion because a total of 169 days had elapsed since Judge Messer had taken the matter under advisement on September 13, 1999. Neither the State nor Erlewein filed a "notice of reminder" to the trial court ad-

vising Judge Messer that he needed to rule on the merits of Erlewein's bench trial.

Indiana Trial Rule 53.2 [1] provides in pertinent part that:

(A) ... Whenever a cause (including for this purpose a petition for post conviction relief) has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

(B) ... The time limitation for holding an issue under advisement established under Section (A) of this rule shall not apply where:

(1) The parties who have appeared or their counsel stipulate or agree on record that the time limitation for decision set forth in this rule shall not apply; or

(2) The time limitation for decision has been extended by the Supreme Court pursuant to Trial Rule 53.1(D).

Trial Rule 53.2 is intended to expedite proceedings by withdrawing cases from trial judges who have delayed their rulings beyond the specified period of time. *Williams v. State*, 716 N.E.2d 897, 900 (Ind.1999). It was rewritten in its entirety by our supreme court effective January 1, 1983.

We find no authority for the proposition that a party is required to file a "notice of reminder" to the trial court to make a ruling prior to the party filing a motion

pursuant to Indiana Trial Rule 53.2 seeking the appointment of a special judge, nor does Erlewein point to any such authority. Trial Rule 53.2 is applicable to a case which is tried to the court, and which is taken under advisement by the court during a period of time that extends for ninety (90) days. Here, 169 days had elapsed since Judge Messer had taken Erlewein's criminal case under advisement, a time period that exceeded the limitation under Trial Rule 53. Therefore, the State had the right to seek appointment of a special judge under our trial rules to expedite the proceeding without first filing a "notice of reminder" to Judge Messer.

We also disagree with Special Judge Pflum that the State sought appointment of a special judge in order to force a mistrial. Special Judge Pflum provided in his order barring the retrial of Erlewein that:

Here the State knowingly and deliberately filed its Praecipe knowing that no trier of facts of a criminal case could make a finding of guilt beyond a reasonable doubt without seeing the witnesses so as to judge their credibility especially when there are only the two opposing witnesses.

R. 58. It appears that Special Judge Pflum viewed the State's Trial Rule 53 motion as a means to force the trial court into sua sponte declaring a mistrial. Surely the State contemplated that the appointment of a special judge might result in the declaration of a mistrial. However, we find no misconduct attributable to the State for the mistrial of Erlewein's battery case. Rather, the State was within its

---

**1.** The State cited Trial Rule 53.1 as the authority for its motion seeking appointment of a special judge. The State's motion should have been based upon Trial Rule 53.2 because Erlewein's bench trial had concluded and Judge Messer had taken the matter under advisement. However, given the facts and circumstances of this case, this erroneous citation of authority has no bearing on the outcome of this appeal. We have merely noted this error for the sake of clarity.

right to seek appointment of a special judge pursuant to Trial Rule 53.2 because Judge Messer failed to issue a decision within ninety (90) days. Following appointment, Special Judge Pflum sua sponte declared a mistrial. The mistrial was just a byproduct of Judge Messer's failure to issue a decision on Erlewein's battery case and the nature of the evidence in the criminal case.

 We do not believe that double jeopardy precludes the State from retrying Erlewein for battery, a Class A misdemeanor. Following Erlewein's bench trial, a conviction or acquittal was never obtained. In addition, we have found no misconduct attributed to the State for the mistrial. Therefore, we hold that double jeopardy does not bar the retrial of Erlewein for battery, a Class A misdemeanor.

## II. Rule 4(C)

The State also contends that Criminal Rule 4(C) does not preclude a retrial of Erlewein for battery, a Class A misdemeanor.[2] We agree.

The Sixth Amendment to the Constitution of the United States guarantees to each accused person "the right to a speedy and public trial." In addition, Article 1, Section 12, of the Indiana Constitution provides that justice shall be administered "speedily, and without delay." Although those constitutional provisions guarantee a speedy trial, they do not guarantee a trial within any specific time. *Raber v. State,* 622 N.E.2d 541, 544 (Ind.Ct.App.1993). Therefore, Indiana adopted Criminal Rule 4 to establish "a reasonable period in which an accused must be brought to tri-

al." *State v. Moles,* 166 Ind.App. 632, 337 N.E.2d 543, 552 (1975), *trans. denied.* Criminal Rule 4 does not create the substantive right to a speedy trial, rather the rule "exists in order to implement the basic right to speedy trial of those accused of crime and who are therefore in confinement or restrained on recognizance." *Huffman v. State,* 502 N.E.2d 906, 907 (Ind.1987).

Criminal Rule 4(C) provides that:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

---

**2.** We note that the trial court issued an order barring the retrial of Erlewein for battery, a Class A misdemeanor, on the basis of double jeopardy, not Criminal Rule 4(C). The State raised the issue of double jeopardy on appeal. Erlewein's brief only addressed the issue of whether Criminal Rule 4(C) barred retrial.

In its reply brief, the State requests this court to apply the "prima facie error" standard because Erlewein failed to address the issue raised by the State; specifically, whether double jeopardy barred the retrial of Erlewein. For the sake of clarity, we have addressed the Criminal Rule 4(C) argument.

■ The State bears the burden of bringing the defendant to trial within one year. *State v. Hurst,* 688 N.E.2d 402, 408 (Ind.1997). Criminal Rule 4(C) relieves the State from that duty only for a delay caused by the defendant's own act or a continuance had on the defendant's own motion. *State v. Smith,* 495 N.E.2d 539, 541 (Ind.Ct.App.1986). The one-year period fixed by the rule is extended only by the period of delay that is chargeable to the defendant. *Frisbie v. State,* 687 N.E.2d 1215, 1217 (Ind.Ct.App.1997), *trans. denied.* Essentially, under Criminal Rule 4(C), a defendant must be brought to trial before the expiration of the last day in the applicable time period, but the defendant's trial does not have to be completed before the end of the period.

■ Here, the State on October 22, 1998, filed the information against Erlewein for battery, a Class A misdemeanor. On March 16, 1999, Erlewein filed a motion for a continuance with the trial court. In response, the trial court reset the bench trial for July 26, 1999. Thereafter, the State filed a continuance and the bench trial was ultimately conducted on September 13, 1999. In non-jury cases, jeopardy attaches when the trial judge begins to hear the evidence. *State v. Proctor,* 471 N.E.2d 707, 708 (Ind.Ct.App.1984); *see also Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Thus, the requirements of Criminal Rule 4(C) were initially satisfied when Erlewein was brought before Judge Messer and the judge heard the evidence in the criminal case on September 13, 1999. Erlewein's first trial, which ended in a mistrial, was within the one year mandate of Criminal Rule 4(C).

■ We do not believe that the retrial of Erlewein will violate Criminal Rule 4(C). At the conclusion of the one-day bench trial on September 13, 1999, Judge Messer took the matter under advisement. After 169 days elapsed, the State sought appointment of a special judge pursuant to Trial Rule 53. Thus, the unreasonable delay in the resolution of Erlewein's bench trial is due to Judge Messer's failure to rule, not the State. In fact, the State, not Erlewein, took action to expedite the proceeding by filing the Trial Rule 53 motion. If a defendant seeks or acquiesces in a delay that results in a later trial date, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *Hurst,* 688 N.E.2d at 407.

The delay in Erlewein's trial is not properly chargeable to either Erlewein or the State. First, Erlewein did not file a motion for continuance or cause any delay on the part of Judge Messer. *See* Crim.R. 4(C) (providing exceptions to the rule requiring trial within one year when "a continuance was had on [defendant's] motion, or the delay was caused by [defendant's] act," or because of congestion of the court calendar). Likewise, the State did nothing to cause Judge Messer to delay his ruling. Therefore, the delay should be reckoned an "exigent circumstance" that tolled the running of the time period under Criminal Rule 4(C). *See Henderson v. State,* 647 N.E.2d 7,13 (Ind.Ct.App.1995) ("[The trial judge]'s recusal, six days before trial, constituted an exigent circumstance and the 139–day delay between the recusal and the appointment of the special judge tolled the running of Crim.R. 4(C)."), *trans. denied.*

■ Because Special Judge Pflum was unable to observe the demeanor of the witnesses who testified at the bench trial, he declared a mistrial. Our supreme court has held that Criminal Rule 4(C) does not anticipate mistrials. *State ex rel. Brumfield v. Perry Circuit Court,* 426 N.E.2d 692, 695 (Ind.1981). Because the rule does not specify a time in which a retrial must be held following a mistrial, the court held

that the state is required to bring the defendant to retrial within a reasonable time. *Id.; State v. Roth*, 585 N.E.2d 717, 718 (Ind.Ct.App.1992), *trans. denied.* The trial court possesses the discretion to determine what constitutes a reasonable time. *Brumfield*, 426 N.E.2d at 695.

Accordingly, we hold that Criminal Rule 4(C) does not bar the retrial of Erlewein for battery, a Class A misdemeanor.

### Conclusion

Based on the foregoing, we hold that double jeopardy and Criminal Rule 4(C) do not bar the retrial of Erlewein for battery, a Class A misdemeanor.

Reversed.

BAKER, J., and FRIEDLANDER, J., concur.