Matthew J. PHARES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A01–0302–CR–063.

Court of Appeals of Indiana.

Sept. 23, 2003.

James R. Lisher, Shelbyville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Matthew J. Phares appeals his conviction for Battery,[1] a class A misdemeanor. Specifically, Phares contends that the conviction may not stand because the juvenile court should have exercised jurisdiction in this case, he was prejudiced due to the trial court's delay in entering judgment and imposing the sentence and he received the ineffective assistance of counsel. Concluding that Phares was properly tried in adult court, that he was not prejudiced by the trial court's delay in entering a judgment of conviction and imposing sentence and that he failed to demonstrate prejudice by his trial coun-

sel's failure to have the case withdrawn from the trial court, we affirm.

## FACTS

On March 20, 2001, the State filed an information charging seventeen-year-old Phares with battery. Phares, who was incarcerated at the Shelby County Jail on an unrelated charge, allegedly struck a fellow inmate. The next day, Phares appeared for his initial hearing and the trial court noted that it had jurisdiction over the case because Phares had previously been waived to adult court on another charge. A public defender was appointed to represent Phares, and no objection was made regarding the trial court's exercise of jurisdiction.

A bench trial commenced on September 7, 2001, and the trial court heard additional evidence on October 12. At the conclusion of the trial, the judge took the matter under advisement, and a finding of guilty was ultimately pronounced nearly one year later on August 7, 2002. That same day, Phares was sentenced to thirty days in jail, and that term was ordered to run consecutive to the sentence he was serving on the unrelated charge. He now appeals.

## DISCUSSION AND DECISION

### I. Jurisdiction

Phares first contends that his conviction for battery may not stand because the trial court lacked both personal and subject matter jurisdiction over this case. Specifically, Phares argues that because he was only seventeen years old at the time of the offense, the battery case should have been heard in juvenile court.

In resolving this issue, we note that when jurisdictional facts are not in

**1.** Ind.Code § 35–42–2–1.

dispute, the question of whether a lower court had jurisdiction is reviewed de novo. *Fuller v. State*, 752 N.E.2d 235, 236 (Ind. Ct.App.2001). That is, no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to the trial court's determinations, evaluate those issues they deem to be questions of law. *Id.* Additionally, our juvenile courts are courts of limited jurisdiction and have subject matter jurisdiction only over those classes of cases that are authorized by statute. Specifically, the jurisdiction of a juvenile court must be invoked properly by establishing the statutory jurisdictional prerequisites. *Matter of Lemond*, 274 Ind. 505, 413 N.E.2d 228, 246 (1980).

Although Phares argues that the trial court's previous waiver to adult court is insufficient for that court to assert jurisdiction in this case, our review of the relevant statutory provisions, Indiana Code sections 31–30–3–1 and 31–30–3–2, reveals that every provision governing juvenile court jurisdiction refers to the court's jurisdiction over a "child" under specified circumstances. Similarly, the waiver provisions set forth in Indiana Code section 31–30–3 require the juvenile court to consider the specified circumstances regarding the "child" and whether the "child" should remain within the juvenile system. Thus, it is apparent to us that the waiver by the juvenile court is over the defendant and not merely the offenses that were alleged in the motion for waiver.

That said, we recognize that a divided panel of this court recently determined that a trial court does not acquire jurisdiction over every allegation pending against a juvenile after a waiver to adult court. *Griffith v. State*, 791 N.E.2d 235, 240–241 (Ind.Ct.App.2003) (holding that while the juvenile court originally waived jurisdiction of all six charges lodged against the defendant, only three of the alleged acts committed by the defendant were eligible to be waived to the trial court) (Baker, J. dissenting). We expressly disapprove of the reasoning espoused by the majority in *Griffith* and note that the purpose of our juvenile courts is to provide for the rehabilitation of youthful offenders within the juvenile justice system. Ind.Code § 31–10–2–1(5). More specifically, it is our view that when a child has been waived from a juvenile court's jurisdiction based on the court's determination that the child is beyond rehabilitation within that system, the rehabilitative purpose of the juvenile courts is not furthered by requiring a juvenile court to consider repetitive motions to waive the child for subsequent offenses or to continue to hear cases within the juvenile justice system. Quite simply, the contrary view results in a cookie cutter approach and invites piecemeal prosecution that disregards the juvenile court's superior position to evaluate the specific circumstances of the case. *See id.* at 242 (Baker, J. dissenting). Moreover, taxpayer dollars are wasted and further strain is placed upon our judicial resources. *See id.* at 243.

In this case, because the juvenile court had previously waived jurisdiction over Phares, we conclude that the trial court had properly exercised jurisdiction to try Phares on the battery charge. Thus, there was no error with respect to this issue.

## II. Delay in Entry of Judgment and Sentence

Phares next contends that his battery conviction must be reversed as "the trial court lost jurisdiction" to enter a judgment of conviction and impose sentence because of the lengthy delay between the trial, judgment and the sentencing. Specifically, Phares argues that such a lengthy delay deprived him of "the rights to effec-

tively appeal his conviction," and that the delay violated his right to a speedy trial. Appellant's Br. p. 10, 12.

■ We first note that in accordance with Indiana Trial Rule 53.2, a trial court is permitted to take a matter under advisement for ninety days before issuing a final ruling. *See Williams v. State*, 716 N.E.2d 897, 900 (Ind.1999). If the matter has not been ruled upon, a party may file a request for a ruling or "lazy judge motion" pursuant to T.R. 53.2. *See id.* at 899–900. Thereafter, if the judge fails to provide a ruling by the end of the ninety-day time limit, the proper remedy is for the complaining party to seek a writ of mandate from our supreme court to compel the clerk to provide notice and disqualify the judge. *Id.* If the party fails to follow this procedure and permits the case to proceed to a final judgment, the party is estopped from complaining that the original trial judge maintained jurisdiction over the case. *Id.*

Here, there is nothing in the record indicating that Phares filed a "lazy judge" motion requesting the trial court to enter judgment or impose sentence. Similarly, he never sought a writ of mandate to have the trial judge disqualified after the ninety-day time limit had passed. Rather, Phares waited until this appeal—after an adverse ruling had been entered against him—before complaining of the delay. As a result, he is estopped from claiming that the original trial judge maintained jurisdiction over the case. *See id.*

■ We also reject Phares's second contention that the trial court's delay violated his right to a speedy trial. The record reflects that Phares was brought to trial within one year after the charge had been filed on March 20, 2001. Thus, the requirements set forth in Criminal Rule 4(C) were satisfied. *See State v. Erlewein*, 755 N.E.2d 700, 707 (Ind.Ct.App.2001) (observ-

ing that the unreasonable delay where trial judge took the matter under advisement for 169 days after the close of the evidence before entering judgment was not the fault of the State). Moreover, a judge's refusal to rule is not a delay caused by the State or the defendant. Rather, this court has deemed such circumstance as an "exigent circumstance" that serves to toll the time period under Criminal Rule 4(C). *Id.* Accordingly, Phares's argument that his right to a speedy trial was violated must fail.

### III. Ineffective Assistance of Counsel

■ Phares next contends that he received ineffective assistance of counsel. Specifically, Phares contends that his trial counsel was ineffective for the following reasons: (1) he failed to object to the trial court's exercise of jurisdiction over the case; (2) an objection was not made as to Phares's status as a person subject to the adult jurisdiction of the court; and (3) harm and prejudice occurred as a result of trial counsel's failure to file a "lazy judge" motion under Trial Rule 53.2.

In addressing Phares's claims, we note that pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984), a claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant to the extent that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See French v. State*, 778 N.E.2d 816, 824 (Ind.2002). Failure to satisfy either prong will cause the claim to fail. *French*, 778 N.E.2d at 824. Indeed, most ineffective assistance of counsel

claims can be resolved by a prejudice inquiry alone. *Id.*

Turning to the merits of Phares's claims, we have determined that the trial court properly exercised both subject matter and personal jurisdiction in this case. Thus, Phares's counsel cannot be deemed ineffective for failing to make any objection on the basis of jurisdiction.

With respect to counsel's failure to file a lazy judge motion in an effort to have the case ruled upon by the trial court at an earlier juncture, we note that Phares has failed to demonstrate that counsel's inaction prejudiced him. Specifically, there is no showing that Phares's status would have changed in the event of an earlier ruling because he was serving the sentence under the former cause number while awaiting judgment and sentencing in the instant case. In fact, Phares acknowledged at the sentencing hearing that his projected release date on the prior charge was February 10, 2003. Tr. p. 49. Therefore, Phares has failed to show any prejudice by trial counsel's inaction, and we conclude that he was not afforded the ineffective assistance of counsel.

### CONCLUSION

In light of our disposition of the issues set forth above, we conclude that the trial court properly exercised jurisdiction in this case and observe that Phares suffered no prejudice from the trial court's delay in entering the judgment of conviction and imposing the sentence. Finally, we conclude that Phares did not receive the ineffective assistance of counsel.

Affirmed.

BROOK, C.J., and SHARPNACK, J., concur.