**C.E.K., II, Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

No. 28A05–1002–JV–100.

Court of Appeals of Indiana.

June 14, 2010.

Transfer Denied Aug. 27, 2010.

Mark Small, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

C.E.K., II appeals the juvenile court's order that he register as a sex offender. C.E.K. raises a single issue for our review, namely, whether our Supreme Court's recent decision in *Wallace v. State*, 905 N.E.2d 371 (Ind.2009), abrogated the subject matter jurisdiction of juvenile courts to order juveniles to register as sex offenders. We hold that it did not. Accordingly, we affirm the court's order.

### FACTS AND PROCEDURAL HISTORY

The relevant facts are not in dispute. While fourteen years old, C.E.K. committed two acts of child molesting, one of which would have been a Class B felony if committed by an adult, the other of which would have been a Class C felony. The juvenile court adjudicated C.E.K. to be a delinquent and gave him a suspended commitment at a sex offender residential treatment program, with supervised probation until the age of eighteen. Thereafter, C.E.K. was placed in the Southwest Regional SAFE program, from which he was eventually released and placed on home detention.

About two months later, the State filed a motion with the juvenile court to determine C.E.K.'s placement on the sex offender registry. At the ensuing evidentiary hearings, the court heard expert testimony that C.E.K. "was a high risk to re-offend."

Appellant's App. at 111–12. In light of that testimony, the court concluded that "there is clear and convincing evidence that [C.E.K.] is likely to repeat an act that would be an offense described in I.C. 11–8–8–5(a) if committed by an adult," and the court ordered C.E.K. to register as a "sex or violent offender." *Id.* at 112. This appeal ensued.

### DISCUSSION AND DECISION

 On appeal, C.E.K. asserts that the juvenile court lacked subject matter jurisdiction to order him to register as a sex offender. Juvenile courts are courts of limited jurisdiction. *Phares v. State*, 796 N.E.2d 305, 307 (Ind.Ct.App.2003). Their jurisdiction must be invoked by establishing the statutory jurisdictional prerequisites. *Id.* When jurisdictional facts are not in dispute, the question of whether a lower court had jurisdiction over a juvenile proceeding is reviewed de novo. *Id.*

"It is the policy of this state and the purposes of this title to ... ensure that children within the juvenile system are treated as persons in need of care, protection, treatment, and rehabilitation...." Ind.Code § 31–10–2–1(5). Here, the juvenile court's jurisdiction was invoked under the Indiana Sex Offender Registration Act ("the Act"), in particular Indiana Code Section 11–8–8–5(b)(2). *See* I.C. §§ 11–8–8–1 to –22. Section 11–8–8–5(b)(2) includes the following within the definition of "sex or violent offender":

a child who has committed a delinquent act and who:

(A) is at least fourteen (14) years of age;

(B) is on probation, is on parole, is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC 31–9–2–115), or is discharged from a

juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) [which includes child molesting] if committed by an adult; and

(C) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

C.E.K. does not dispute on appeal that he qualified as a sex offender under Indiana law.

In *K.J.P. v. State*, 724 N.E.2d 612, 615 (Ind.Ct.App.2000), *trans. denied*, we rejected another juvenile's claim that requiring juveniles to register as sex offenders conflicted with the rehabilitative purposes of the juvenile code. In particular, we stated as follows:

> It is true that the State is primarily interested in the rehabilitation, rather than the punishment, of juvenile delinquents. While we have recognized the burdens that accompany registering, we have determined that they do "not rise to the level of punishment" and do not constitute an additional penalty. We note also that the juvenile offender definition requires a finding, by clear and convincing evidence, that the child likely will be a repeat sex offender. Thus, the goal of the statute is not to label or penalize the child for past acts, but to provide protection for the public. The registration requirement does not conflict with the rehabilitative goals of the juvenile code.

*Id.* (citations omitted).

C.E.K. contends that our decision in *K.J.P.* was abrogated by our Supreme Court's more recent decision in *Wallace*. In *Wallace*, our Supreme Court only considered whether the Act constituted retroactive punishment forbidden by the Ex Post Facto Clause of the Indiana Constitution. In holding that the Act was unconstitutional as applied to the defendant in that case, the court determined that six of the seven factors relevant to its inquiry pointed to the statute having a retroactive punitive effect. *Wallace*, 905 N.E.2d at 384. Seizing on that analysis, C.E.K. contends that if the Act is punitive, then the juvenile court lacks subject matter jurisdiction to apply it.

C.E.K. reads too much into *Wallace*. The court did not hold that the Act is facially unconstitutional, and C.E.K. does not (and cannot) raise an *ex post facto* challenge to the juvenile court's order that he comply with the Act. Further, in a companion case to *Wallace*, the court held that the Act was "non-punitive when applied to" another defendant. *Jensen v. State*, 905 N.E.2d 384, 394 (Ind.2009). Thus, while the Supreme Court recognized that the Act had punitive elements that forbade its retroactive application under Indiana's Ex Post Facto Clause, the court did not hold that the Act is a wholly punitive measure that would violate the juvenile code's rehabilitative policies. Accordingly, *K.J.P.* is still good law and C.E.K.'s argument that the juvenile court lacked subject matter jurisdiction must fail. We affirm the court's order that C.E.K. must comply with the Act's registration requirements.

Affirmed.

VAIDIK, J., and BROWN, J., concur.