

FILED

Feb 28 2017, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Petitioner,*<br><br>v.<br><br>C.K.,<br>*Appellee-Respondent.* | February 28, 2017<br><br>Court of Appeals Case No.<br>49A02-1607-JV-1506<br><br>Appeal from the Marion Superior Court.<br>The Honorable Marilyn A. Moores, Judge.<br>The Honorable Gary Chavers, Magistrate.<br>Cause Nos. 49D09-1509-JD-1749,<br>49D09-1510-JD-1799 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     In this interlocutory appeal, the State of Indiana challenges the juvenile court's denial of the State's petition for the court to waive jurisdiction over C.K. in two cases. We reverse and remand with instructions.

# Issue

The State raises one issue, which we restate as: whether the juvenile court erred in denying the State's petition for the court to waive jurisdiction over C.K. and transfer two cases to adult court.

# Facts and Procedural History

This appeal involves two juvenile cases but is also related to a criminal case, and we set forth the circumstances of each case in turn. On September 7, 2014, C.K., a fifteen-year-old, allegedly broke into Robert West's dwelling and stole his property, acts that would constitute Level 4 felony burglary and Level 6 felony theft if committed by an adult. C.K. left the scene and was not identified at the time, but the State alleges that he left fingerprints behind. These events later led to juvenile Cause Number 49D09-1509-JD-1749 ("JD-1749").

Next, on September 29, 2014, C.K., who was still fifteen years of age, allegedly participated in the beating of Caleb Burgess and the theft of his property, an act that would constitute Level 3 felony robbery if committed by an adult. C.K. left the scene and was not identified at the time, but he allegedly left fingerprints behind. These events later led to juvenile Cause Number 49D09-1510-JD-1799 ("JD-1799").

On September 5, 2015, after C.K. turned sixteen, he and several companions robbed a pizza delivery person. On September 10, 2015, the State placed C.K. in the Marion County Jail and charged him with two counts of robbery, both Level 3 felonies, in Cause Number 49G03-1509-F3-32250 ("F3-32250"). The

State took C.K.'s fingerprints and entered them in an unsolved crimes database, which allegedly indicated that C.K.'s fingerprints matched fingerprints found at the scenes of the incidents that occurred on September 7 and 29, 2014. The State investigated further and found additional evidence that allegedly tied C.K. to those incidents.

[6] The State referred the matters arising from C.K.'s alleged acts on September 7 and 29, 2014, to the juvenile court, which opened Cause Numbers JD-1749 and JD-1799, respectively. The juvenile court's chronological case summary shows that on September 24, 2015, the juvenile court issued a detention order for C.K. in JD-1749, directing that a "juvenile hold" be placed on him. Appellant's Appendix Vol. 2, p. 7. In the order, the juvenile court acknowledged that C.K. was "presently in Marion County Jail on an armed robbery charge." *Id.* at 19. The court further ordered that a copy of the juvenile hold should be sent to "Marion County Jail Records." *Id.* at 20. Finally, the court scheduled a detention order review for October 29, 2015, and directed C.K., his parent or guardian, and counsel for both sides to appear.

[7] On October 29, 2015, the juvenile court issued an order in JD-1749 and JD-1799, noting that no one appeared for the scheduled hearing. The court ordered that the juvenile hold would remain in effect and appointed a public defender to represent C.K. in both cases. In addition, the court scheduled an attorney-only pretrial conference for both cases, to be held on November 12, 2015.

[8] On November 12, 2015, C.K.'s attorney and a prosecuting attorney appeared before the juvenile court for the pretrial hearing in both cases. After the hearing, the court ordered the juvenile hold to remain in effect and scheduled an "Initial Hearing" for both cases on December 3, 2015, directing C.K. to appear with his parent or guardian. *Id.* at 23. On the same day, the court issued a transport order, directing the Marion County Sheriff to transport C.K. from the Marion County Jail to the juvenile court on December 3, 2015.

[9] On December 1, 2015, C.K. appeared in adult court in F3-32250 and pleaded guilty to one count of robbery as a Level 3 felony. The State dismissed the other charge. The trial court sentenced him to five years, with three years suspended. C.K. was later transported to the Department of Correction, where he was ultimately placed in the Pendleton Juvenile Center.

[10] The juvenile court held the "Initial Hearing" in both cases as scheduled on December 3, 2015. *Id.* at 26. C.K. appeared in person, with counsel. The State orally requested waiver of the cases to criminal court, and the court directed the State to file a written motion. During the hearing, the court authorized the State to file delinquency petitions in both cases and read the petitions to C.K. The delinquency petition in JD-1749 has a filing date of September 25, 2015, and the delinquency petition in JD-1799 has a filing date of November 5, 2015. The record does not reveal the reason for the discrepancy in filing dates.

[11] On January 13, 2016, the State filed a motion to waive juvenile court jurisdiction over C.K. in Cause Numbers JD-1749 and JD-1799, noting that he

was recently convicted of robbery in F3-32250. On February 17, 2016, C.K. filed an objection. After a hearing, the juvenile court denied the State's motion in both cases. The State filed petitions in both cases to certify the juvenile court's decision for discretionary interlocutory appeal. The court granted the petitions to certify over C.K.'s objection. Next, the State asked this Court to accept discretionary interlocutory jurisdiction over the cases, and this Court granted the State's request.

## Discussion and Decision

[12] The State argues that under the plain language of the governing statute, the juvenile court was required to waive jurisdiction over C.K. In response, C.K. claims the juvenile court properly applied the statute to deny the State's petition.

[13] In general, a juvenile court's decision on waiver is reviewed for an abuse of discretion. *Jordan v. State*, 62 N.E.3d 401, 405 (Ind. Ct. App. 2016), *trans. denied*. Where, as in this case, the parties present questions of law, we apply a de novo standard of review. *D.C. v. State*, 958 N.E.2d 757, 758 (Ind. 2011). We afford no deference to the trial court's conclusions on questions of law. *Phares v. State*, 796 N.E.2d 305, 307 (Ind. Ct. App. 2003). When a statute is clear and unambiguous, courts do not apply any rules of construction other than giving effect to the plain, ordinary and usual meaning of the language. *D.C.*, 958 N.E.2d at 762-63. We presume that the legislature intends for its language to be

applied in a logical manner consistent with the statute's underlying policy and goals. *Fuller v. State*, 752 N.E.2d 235, 238 (Ind. Ct. App. 2001).

[14] The statute at issue here, Indiana Code section 31-30-3-6 (1997), provides:

> Upon motion by the prosecuting attorney, the juvenile court shall waive jurisdiction if it finds that:
>
> (1) the child is charged with an act which would be a felony if committed by an adult; and
>
> (2) the child has previously been convicted of a felony or a nontraffic misdemeanor.

[15] The parties agree that in both of the juvenile cases, C.K. has been charged with an act that would be a felony if committed by an adult. The key question is whether C.K.'s felony conviction in F3-32250 meets the second statutory criteria of "previously" having been convicted of a felony or a nontraffic misdemeanor.

[16] The State claims that the phrase "previously been convicted of a felony or a nontraffic misdemeanor" includes a felony or nontraffic misdemeanor conviction that was imposed at any time before the State filed its motion for waiver. By contrast, the juvenile court determined, and C.K. argues, that a felony or nontraffic misdemeanor conviction qualifies for purposes of Indiana Code section 31-30-3-6 only if the conviction is imposed before the juvenile commits the act that leads to the filing of a delinquency petition. We agree with the State. The plain language of the statute does not place any limits on when the prior felony or nontraffic misdemeanor conviction must have

occurred. In this case, C.K.'s felony conviction was imposed before the State filed its motion for waiver of juvenile court jurisdiction.

[17] C.K. compares Indiana Code section 31-30-3-6 to Indiana's habitual offender statute, Indiana Code section 35-50-2-8 (2015). C.K. argues that the "same fundamental fairness concerns" that underlie the habitual offender statute should apply to Indiana Code section 31-30-3-6. Appellee's Br. pp. 34-35. Procedurally, the question of whether a prior adult conviction mandates waiving a juvenile to adult court bears little similarity to the question of whether an adult defendant's sentence should be enhanced due to prior convictions. In addition, Indiana Code section 35-50-2-8 merely demonstrates that the General Assembly knows how to create a statutory system to assess the circumstances under which prior convictions should be considered. The General Assembly chose not to create such a system in Indiana Code section 31-30-3-6, and we are left with the plain language of the statute.

[18] In *Phares*, a seventeen-year-old was waived to adult court in a criminal case and, after that case was resolved, was subsequently charged in another criminal case in adult court. 796 N.E.2d at 306. In the second case, the trial court noted it had jurisdiction over the case because Phares had previously been waived to adult court. On appeal, Phares claimed the case should have first been presented to a juvenile court. A panel of this Court disagreed, concluding that once an offender has been waived to adult court, "the rehabilitative purpose of the juvenile courts is not furthered by requiring a juvenile court to consider

repetitive motions to waive the child for subsequent offenses or to continue to hear cases within the juvenile justice system." *Id.* at 307.

[19]     The facts of the current case are slightly different than in *Phares*, but the same reasoning applies. C.K. has already been charged and convicted as an adult in F3-32250, and little would be gained by having his current cases continue in the juvenile justice system simply because there was a delay in the discovery of the allegedly incriminating evidence. C.K. has been placed on probation in F3-32250, and ongoing monitoring by the juvenile courts would be unnecessarily duplicative.

[20]     Next, C.K. claims the juvenile court's decision should be affirmed because the denial of the State's motion to waive jurisdiction was an "equitable remedy" that corrected the juvenile court's prior violations of C.K.'s federal and state constitutional rights to due process of law. Appellee's Br. p. 22. Specifically, C.K. argues the juvenile court failed to timely notify him of the existence of these cases, claiming he was personally unaware of them until after he had pleaded guilty in F3-32250. C.K. further argues the juvenile court violated the following statutory mandates: (1) Ind. Code section 31-32-4-2 (1997) (failed to appoint counsel in a timely manner); (2) Ind. Code section 31-37-6-2 (1997) (failed to timely hold a detention hearing); and (3) Ind. Code section 31-37-11-2 (1999) (failed to timely hold a fact-finding or waiver hearing).

[21] The juvenile court did not concede that it violated any statutory requirements as to C.K., nor did it indicate that its interpretation was an equitable remedy. Even if the court violated the statutes cited by C.K., and the violations amounted to a deprivation of C.K.'s right to due process of law, it would be inappropriate to attempt to correct such a deprivation by violating the plain language of another statute, Indiana Code section 31-30-3-6. Also, C.K. did not seek to dismiss the delinquency petitions due to the alleged due process violations. We cannot conclude that C.K.'s due process argument supports affirmance of the trial court's judgment.

[22] C.K. also argues the State invited any error arising from the juvenile court's denial of his motion for waiver because: (1) the State failed to move the juvenile cases forward in a timely manner; and (2) the State was aware that the juvenile cases existed but did not inform C.K. of their existence until after he pleaded guilty in F3-32250. C.K. is raising this claim for the first time on appeal, so it is waived. *Harbert v. State*, 51 N.E.3d 267, 279 (Ind. Ct. App. 2016), *trans. denied*. Further, the record is insufficiently developed for us to determine what information the parties' attorneys had about C.K.'s cases.

[23] We conclude C.K.'s felony conviction qualified as a prior felony for purposes of Indiana Code section 31-30-3-6. When both elements of the statute have been established, the "juvenile court shall waive jurisdiction." *Id.* If the word "shall" is used, it is construed as mandatory language creating a statutory right to a particular outcome after certain conditions are met. *Alden v. State*, 983

N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied*. As a result, we reverse the juvenile court's judgment and remand with instructions to grant the State's petition for waiver.

# Conclusion

[24] For the reasons stated above, we reverse the judgment of the juvenile court and remand for further proceedings not inconsistent with this opinion.

[25] Reversed and remanded.

May, J., and Pyle, J., concur.