

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-JV-443

### D.P.,
*Appellant (Respondent)*

–v–

### State of Indiana,
*Appellee (Petitioner)*



FILED

Sep 08 2020, 1:08 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

### State of Indiana,
*Appellant (Petitioner)*

–v–

### N.B.,
*Appellee (Respondent)*

Argued: June 29, 2020 | Decided: September 8, 2020

Appeal from the Putnam Circuit Court,
No. 67C01-1901-JD-3
The Honorable Matthew L. Headley, Judge

Appeal from the Madison Circuit Court,
No. 48C02-1811-JD-390
The Honorable G. George Pancol, Judge

On Petitions to Transfer from the Indiana Court of Appeals,
Nos. 19A-JV-690, 19A-JV-1659

**Opinion by Chief Justice Rush**

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

Decades ago, this Court declared, "The age of the offender is determinative of subject matter jurisdiction in the juvenile court . . . ." *Twyman v. State*, 459 N.E.2d 705, 708 (Ind. 1984). That simple jurisdictional principle holds true today.

In these consolidated appeals, the State filed juvenile delinquency petitions against two individuals for committing, when they were under eighteen, what would be felony child molesting if committed by an adult. At the time the petitions were filed, however, neither individual was a "child" as defined for purposes of juvenile law.

The State requested that each individual be waived into adult criminal court, and both of the alleged offenders moved to dismiss their respective cases for lack of subject matter jurisdiction. The State responded that, while a juvenile court doesn't have the authority to adjudicate either individual delinquent, the court could still waive its jurisdiction. We disagree. Under the plain language of the relevant statutes, a juvenile court does not have subject matter jurisdiction to waive an alleged delinquent offender into adult criminal court if the individual is no longer a "child."

## Facts and Procedural History

These consolidated appeals present strikingly similar facts and concern a single issue: a juvenile court's ability to waive an individual who is twenty-one or older into adult criminal court.

In January 2019, when D.P. was twenty-three years old, the State filed a delinquency petition against him. The petition alleged D.P. was a "delinquent child" because, at the age of sixteen, he had committed what would be Class B felony child molesting if committed by an adult. The allegation stemmed from an accusation D.P.'s cousin had made—that, in 2012, when she was eleven years old, D.P. forced her to have sexual intercourse with him multiple times.

The State then filed a motion requesting that the juvenile court waive D.P. into adult criminal court. Soon after, D.P. moved to dismiss the case, arguing that, because he was over twenty-one years of age, the juvenile court lacked subject matter jurisdiction to consider the delinquency petition or to conduct a waiver hearing. The juvenile court disagreed, concluding it had original jurisdiction because the alleged act occurred when D.P. was sixteen. It further reasoned that dismissal would be "against public policy and legislative intent" by effectively shortening the child-molesting statute of limitations for D.P. and others similarly situated. The juvenile court accordingly denied D.P.'s motion and scheduled a waiver hearing. At D.P.'s request, the court certified its order for interlocutory appeal.

The Court of Appeals affirmed. *D.P. v. State*, 136 N.E.3d 620, 624 (Ind. Ct. App. 2019). After referencing various statutory provisions, the panel concluded that the juvenile court had subject matter jurisdiction to decide whether D.P. should be waived into adult criminal court. *Id.* at 623–24.

D.P.'s circumstances were not unique. Around the same time his case was making its way through the courts, another young man—N.B.—was dealing with the same jurisdictional issue.

In N.B.'s case, the State filed a delinquency petition against him when he was twenty-one years old. The petition repeatedly referred to N.B. as a "child." And it alleged that, at some point between the ages of twelve and fifteen, N.B. had fondled his younger cousin and thus committed what would be Class B felony child molesting if committed by an adult.

The State subsequently filed a motion requesting that N.B. be waived into adult criminal court. Before the juvenile court ruled on the State's motion, N.B. moved to dismiss the case for lack of subject matter jurisdiction because he was not a "child" under the delinquency statutes. The State responded that it was not seeking a juvenile adjudication of N.B. but that, procedurally, the matter had to be filed in juvenile court. The State further argued that granting N.B.'s motion would deny the alleged victim her "right to seek justice under the law." Rejecting the State's argument, the juvenile court found that it lacked jurisdiction and dismissed N.B.'s case.

The State appealed, and the Court of Appeals reversed. *State v. N.B*, 139 N.E.3d 284, 285 (Ind. Ct. App. 2020). Noting that the case was "nearly identical" to *D.P.*, the *N.B.* panel held the juvenile court had subject matter jurisdiction "to accept and entertain the State's delinquency petition and determine whether N.B. should be waived to adult criminal court." *N.B.*, 139 N.E.3d at 287–88.

Both D.P. and N.B. sought transfer. After consolidating the appeals, we granted the petitions, vacating the Court of Appeals opinions. Ind. Appellate Rule 58(A).

## Standard of Review

We must determine whether, under relevant statutes, a juvenile court has subject matter jurisdiction over D.P.'s and N.B.'s waiver proceedings. Where the facts are not in dispute, subject matter jurisdiction is a pure question of law that we review de novo. *Citizens Action Coal. of Ind. v. Koch*, 51 N.E.3d 236, 240 (Ind. 2016). Likewise, we afford de novo review to the interpretation of statutes. *City of New Albany v. Bd. of Comm'rs of Floyd*, 141 N.E.3d 1220, 1223 (Ind. 2020).

## Discussion and Decision

Subject matter jurisdiction refers to a court's constitutional or statutory power to hear and adjudicate a certain type of case. *State v. Reinhart*, 112 N.E.3d 705, 711 (Ind. 2018). When a court lacks subject matter jurisdiction, any judgment it enters is void. *State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 481 (Ind. 2003).

Juvenile courts, in particular, have limited subject matter jurisdiction, as they may exercise authority over cases only as permitted by statute. *C.E.K., II v. State*, 928 N.E.2d 258, 259 (Ind. Ct. App. 2010), *trans. denied*. In other words, when statutory jurisdictional prerequisites are not satisfied, the juvenile court has no power to hear and decide the matter.

Here, the parties collectively agree that the juvenile court lacks subject matter jurisdiction to adjudicate either D.P. or N.B. a delinquent child

because of their ages. The State contends, however, that the governing statutory scheme does permit a juvenile court to determine whether to waive D.P. or N.B. into adult criminal court. D.P. and N.B. disagree, maintaining that, if the relevant statutes preclude a juvenile court from adjudicating them delinquent, those statutes must also preclude the court from conducting a waiver hearing.

To resolve this issue, we first explore the contours of a juvenile court's subject matter jurisdiction in delinquency proceedings. We then determine whether, given these jurisdictional boundaries, a juvenile court has authority to conduct a waiver proceeding over D.P. or N.B.

## I. A juvenile court may not enter a delinquency adjudication against an individual who does not meet the definition of a "child."

As relevant here, a juvenile court has "exclusive" subject matter jurisdiction over proceedings in which a "child" is alleged to be delinquent. Ind. Code § 31-30-1-1(1) (2020).[1] The term "child," for juvenile law purposes, is defined as (1) a person less than eighteen; (2) a person eighteen, nineteen, or twenty and who either is charged with a delinquent act committed before the age of eighteen or has been adjudicated a child in need of services before eighteen; or (3) a person less than twenty-one and who has allegedly committed what would be murder when less than eighteen. I.C. § 31-9-2-13(d).

Recently, the Court of Appeals evaluated this definitional statute to address the scope of a juvenile court's subject matter jurisdiction in delinquency proceedings. *M.C. v. State*, 127 N.E.3d 1178, 1180–81 (Ind. Ct. App. 2019). In that case, a juvenile court adjudicated twenty-three-year-old M.C. delinquent for committing, at seventeen, what would have been

---

[1] An exception applies if an individual who is at least sixteen years old commits any of a list of certain felonies. I.C. § 31-30-1-4(a). However, the offense alleged in both D.P.'s and N.B.'s cases—felony child molestation—is not included in the list. *See id.*

child molesting if committed by an adult. *Id.* at 1179, 1181. The Court of Appeals reversed, noting that under the relevant definition of "child," a juvenile court's subject matter jurisdiction in delinquency proceedings is "limited to cases involving those under age twenty-one." *Id.* at 1181. The panel acknowledged that the alleged act occurred when M.C. was under eighteen but pointed out that he was over twenty-one when the State filed the petition—meaning the juvenile court was without subject matter jurisdiction when it "adjudicated M.C. delinquent and entered a disposition." *Id.*

The State—prudently—does not claim that *M.C.* was decided incorrectly. After all, the language of the jurisdictional statute, Indiana Code section 31-30-1-1(1), is clear: in delinquency proceedings, a juvenile court has subject matter jurisdiction only if the alleged offender is a "child." And because the definition of a "child" does not include individuals twenty-one or older, I.C. § 31-9-2-13(d), the *M.C.* panel properly reversed the juvenile court's judgment.

In line with *M.C.*'s holding, the State concedes that a juvenile court could not enter a delinquency adjudication against D.P. or N.B., since neither fits the definition of a "child." The State instead argues that *M.C.* is distinguishable from the current cases. Specifically, the State maintains that a juvenile court has the "limited" power to decide whether D.P. and N.B. should be waived into adult criminal court—even if the juvenile court couldn't adjudicate either delinquent.

D.P. and N.B. argue that the State's attempt to distinguish *M.C.* from their cases "stretches the concept of subject matter jurisdiction beyond what the law allows" and assert that a juvenile court cannot have "a little bit" of jurisdiction to conduct a waiver hearing in their cases. In their view, when an alleged offender is not a "child," a juvenile court lacks subject matter jurisdiction over the entirety of a delinquency proceeding. So, a juvenile court can neither adjudicate them delinquent nor waive them into adult criminal court.

In short, the parties—and this Court—agree on one point: a juvenile court does not have subject matter jurisdiction to adjudicate individuals who are twenty-one or older, like D.P. and N.B., delinquent. With that

jurisdictional principle in hand, we turn to the question underlying the parties' dispute. Does a juvenile court possess the limited authority to waive D.P. and N.B. into adult criminal court?

## II. The juvenile court lacks subject matter jurisdiction to waive either D.P. or N.B. into adult criminal court.

Indiana Code chapter 31-30-3 addresses a juvenile court's waiver of jurisdiction, which is defined as "an order of the juvenile court that waives the case to a court that would have jurisdiction had the act been committed by an adult," I.C. § 31-30-3-1. Depending on the circumstances, waiver of jurisdiction may be discretionary, presumptive, or mandatory. *See id.* §§ -2 to -6.

In D.P.'s case, the State requested that the juvenile court waive him into adult criminal court pursuant to Section 31-30-3-5, a presumptive waiver provision. That section provides, in relevant part, that a juvenile court must waive jurisdiction if three conditions are met: (1) "the child" is charged with an act that, if committed by an adult, would be a Class B felony; (2) there's probable cause that "the child" committed the act; and (3) "the child" was at least sixteen when the act was allegedly committed. *Id.* § -5. The statute includes an exception to waiver, however, if "it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system." *Id.*

The panel below acknowledged that the juvenile court couldn't adjudicate D.P. delinquent, but it nevertheless held that the court had subject matter jurisdiction to determine whether he should be waived into adult criminal court. *D.P.*, 136 N.E.3d at 623. In reaching this conclusion, the Court of Appeals looked to various juvenile-law statutes, including the waiver provision the State sought to invoke, and determined that it could not have been "the legislature's intent for an act that would constitute child molesting as a class B felony if committed by an adult to go entirely unpunished." *Id.* at 623–24.

Shortly after, in N.B.'s case, a different panel adopted *D.P.*'s reasoning to decide that a juvenile court had subject matter jurisdiction to waive N.B. into adult criminal court. *N.B.*, 139 N.E.3d at 288. There, the State asserted waiver of jurisdiction was mandatory pursuant to a different statute: Indiana Code section 31-30-3-6. That statute provides that a juvenile court shall waive jurisdiction if (1) "the child" is charged with an act that would be a felony, and (2) "the child" has previously been convicted of a felony or nontraffic misdemeanor. I.C. § 31-30-3-6. At the time the State filed its waiver motion, N.B. had pleaded guilty to felony criminal confinement for acts committed when he was nineteen.

The Court of Appeals—relying heavily on *M.C.* and *D.P.*—held that the juvenile court had subject matter jurisdiction to consider the State's waiver request. *N.B.*, 139 N.E.3d at 287–88. The panel explained that, together, those opinions stood for the following: "a juvenile court has subject matter jurisdiction to **entertain** a delinquency petition and **waive** a defendant to adult criminal court but **does not** have jurisdiction to **adjudicate** a defendant over age twenty-one a delinquent child and **enter** a disposition." *Id.* at 288. The Court of Appeals thus concluded that the juvenile court could decide whether to waive N.B. into adult criminal court. *Id.*

The State argues that the *D.P.* and *N.B.* panels got it right. The State acknowledges that there isn't a particular statute that expressly confers partial subject matter jurisdiction in these cases to conduct waiver hearings. Rather, the State contends that the juvenile-law statutory scheme, when viewed as a whole, reveals the legislature's intent: for a juvenile court to have limited subject matter jurisdiction to waive D.P., N.B., and those similarly situated into adult court. To support its position, the State notes that, if a juvenile court didn't have the power to determine waiver in these cases, people like D.P. and N.B. would enjoy a shortened statute of limitations for child molesting.

D.P. and N.B., on the other hand, argue that the language of the jurisdictional statute is unambiguous—when an alleged offender is twenty-one or older, a juvenile court lacks subject matter jurisdiction over the entire delinquency proceeding. D.P. and N.B. maintain that scheduling

and conducting a waiver hearing, along with issuing a waiver order, are necessarily parts of a delinquency proceeding. And they stress what the State concedes: no statute confers upon a juvenile court "partial jurisdiction" to waive either of them into adult criminal court. We agree with D.P. and N.B.

In construing statutes, our primary goal is to determine the legislature's intent. *Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016). But to ascertain that intent, we must first look to the statutes' language. *Id.* If the language is clear and unambiguous, we give effect to its plain and ordinary meaning and cannot resort to judicial construction. *Id.*

The relevant jurisdictional statute, Indiana Code section 31-30-1-1(1), is unambiguous. Per its plain language, a juvenile court has subject matter jurisdiction in delinquency proceedings when the alleged offender is a "child," a term that Section 31-9-2-13(d) specifically defines as excluding anyone aged twenty-one or older. I.C. §§ 31-30-1-1(1), 31-9-2-13(d). The jurisdictional statute makes no distinction among a delinquency proceeding's various phases; and it does not declare that waiver hearings are disconnected, for jurisdiction purposes, from the larger proceeding. *See* I.C. § 31-30-1-1(1). Rather, a waiver hearing is necessarily part and parcel of a delinquency proceeding—after all, waiver can occur only after the State files a delinquency petition and the juvenile court approves it. *See* I.C. §§ 31-37-10-2, -11-2, -12-4.

In short, the jurisdictional statute does not give power to a juvenile court to waive D.P. and N.B. into adult criminal court, as neither individual fits the definition of a "child." So, we now turn to the relevant waiver provisions—Indiana Code sections 31-30-3-5 and 31-30-3-6—to determine if they allow a juvenile court to waive a person who is twenty-one or older, but who committed an offense before the age of eighteen, into adult criminal court.

Like the jurisdictional statute, Sections 31-30-3-5 and 31-30-3-6 apply only if the alleged offender is a "child." Specifically, Section 31-30-3-5 refers to the juvenile court waiving its jurisdiction after making certain findings about "the child." Similarly, Section 31-30-3-6 refers to "the child" when laying out the conditions for mandatory waiver. Each

provision is unambiguous: a prerequisite to waiver is that an alleged offender is a "child," which neither D.P. nor N.B. is. In other words, not only is the language of the waiver statutes clear, those statutes also are in harmony with the jurisdictional provision regarding delinquency proceedings—making judicial statutory construction inappropriate.

The State does not point to—nor do we find—any other statute that would confer upon the juvenile court limited subject matter jurisdiction to waive an individual who is twenty-one or older into adult criminal court. The State argues, though, that finding no subject matter jurisdiction in these cases would run afoul of legislative intent by effectively shortening the child-molesting statute of limitations for D.P., N.B., and those similarly situated.

Indiana Code section 35-41-4-2(e)(1) states that prosecution for child molesting may be commenced any time before the alleged victim reaches the age of thirty-one. And here, neither D.P.'s nor N.B.'s victim had turned thirty-one at the time the respective delinquency petitions were filed. According to the State, the legislature could not have intended to disallow waiver of D.P. and N.B. into adult criminal court—and thus shorten the applicable statute of limitations—just because the alleged offenses occurred before they turned eighteen.

It's true that, had D.P. committed the alleged offense on his eighteenth birthday and against the same victim, the State could directly file charges in adult criminal court, as the child-molesting statute of limitations has not yet expired. The same is true for N.B.[2] But this does not mean that a juvenile court would have subject matter jurisdiction—even if limited—in D.P.'s and N.B.'s cases.

---

[2] The parties spend considerable time debating whether the State could directly file charges against D.P. and N.B. in adult criminal court if a juvenile court doesn't have subject matter jurisdiction to conduct a waiver hearing. However, that particular issue is tangential and not before us, as the delinquency petitions were filed in juvenile courts and the State never attempted to file charges in criminal court.

What's more, the State fails to acknowledge a competing policy argument: accepting the State's position would lead to adults being punished many years after their youthful offenses, without any opportunity for juvenile rehabilitation. By way of example, N.B.'s alleged victim does not turn thirty-one until either 2035 or 2036.[3] This means that, if the juvenile court has jurisdiction over N.B. for waiver purposes, the State could file a delinquency petition against him in his late thirties for acts that allegedly occurred when he was between twelve and fifteen years old.[4] D.P. and N.B. maintain that the legislature likely recognized this potential injustice and thus "closed the opportunity for juvenile proceedings when the offender turns 21-years old."

Ultimately, however, we need not decide whose policy argument carries more weight. We are bound by the plain language of the relevant juvenile-law provisions. And as explained above, the language of those statutes is unambiguous—the juvenile court does not have the authority to waive D.P. and N.B. into adult criminal court. To decide differently would require this Court to rewrite clearly written statutes, violating bedrock separation-of-powers principles. *See Calvin v. State*, 87 N.E.3d 474, 478 (Ind. 2017). This we will not do. If today's result was not the intent of the legislature, then it—not we—must make the necessary statutory changes. *Id.* at 479.

## Conclusion

Under the clear and unambiguous language of several relevant statutes, a juvenile court does not have subject matter jurisdiction to waive D.P. or N.B. into adult criminal court—because neither fit the definition of a "child" at the time their respective delinquency petitions were filed. We,

---

[3] The record does not reveal N.B.'s alleged victim's exact birthday, but the probable cause affidavit explains that she was thirteen in 2018.

[4] We acknowledge that the delinquency petition alleges N.B. committed the offense when he was between twelve and fifteen, whereas the probable cause affidavit states he was "15 or 16 at the time." This discrepancy does not affect our analysis.

accordingly, reverse the juvenile court in *D.P.* and remand with instructions to grant the motion to dismiss; and we affirm the juvenile court's dismissal in *N.B.*

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT D.P.
Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEY FOR APPELLEE N.B.
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE/APPELLANT STATE OF INDIANA
Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana