**STATE of Indiana, on the RELATION of Betty MASARIU, in her official capacity as Principal Clerk of the Indiana House of Representatives, Relator,**

v.

**The MARION SUPERIOR COURT NO. 1 and the Honorable Anthony J. Metz, III, as Judge thereof, Respondents.**

No. 49S00–9310–OR–1089.

Supreme Court of Indiana.

Oct. 12, 1993.

Pamela Carter, Atty. Gen., Dennis P. Lee, Deputy Atty. Gen., Richard E. Shevitz, Deputy Atty. Gen., for relator.

Robert P. Johnstone, Jan M. Carroll, Barnes & Thornburg, Indianapolis, for respondents.

GIVAN, Justice.

The Relator seeks a writ of prohibition barring Respondent court and judge from proceeding further with an action brought against her, styled *Indianapolis Newspapers, Inc., William Theobald, and Nancy Winkley v. Betty Masariu in her official capacity as Principal Clerk of the Indiana House of Representatives*, under Cause No. 49D01–9304–CP–416.

██ The Clerk of the Indiana House of Representatives is a patronage appointment chosen by the majority party in closed caucus and ratified by the full House in public session. Her duties are controlled totally by the leadership of the House, and she is answerable only to them for her actions in the performance of her duties. How those duties are performed, or any lack of performance of those duties, is an internal matter totally controlled by the House leadership.

Article 3, § 1 of the Indiana Constitution reads as follows:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Although it is the duty of the Courts to determine the constitutionality of statutory law, this Court has held repeatedly that courts should not intermeddle with the internal functions of either the Executive or Legislative branches of Government.

██ The plaintiff's amended complaint seeks declaratory relief and attorney fees, remedies ostensibly available under Ind. Code § 5–14–3–9 (Indiana Access to Public Records Law) and Ind.Code § 5–14–1.5–7 (Indiana Open Door Law). The complaint asserts that the voting records of the House of Representatives are public records available for inspection and copying pursuant to Ind.Code § 5–14–3–2. We find, however, that to the extent such enactments empower the judicial branch to inquire into and interfere with the internal operations of the Indiana House of Representatives, said application transgresses the above separation of powers clause of our state constitution. Courts cannot be authorized to undermine the exclusive constitutional authority of the presiding officers of each house to authenticate all legislation. *See Roeschlein v. Thomas* (1972), 258 Ind. 16, 280 N.E.2d 581. If the legislature wishes to authorize sanctions against itself upon a claim by press or public alleging improper legislative secrecy, such sanctions would have to be determined and imposed solely by the legislative branch itself, without recourse to the courts.

██ Because further litigation of this case in the trial court would amount to constitutionally impermissible judicial interference with the internal operations of the legislative branch, a permanent writ of prohibition prayed for by the Relator is hereby granted.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents with separate opinion in which KRAHULIK, J., concurs.

SHEPARD, Chief Justice, dissenting.

This case presents several issues of considerable importance about the operation of Indiana government, such as whether legislators' votes should be recorded on amendments to the state's multi-billion-dollar budget, how citizens can learn whether their own legislators voted yes or no on those amendments, and whether the distribution of powers article in the Indiana Constitution prevents the judiciary from taking notice of such matters. I cannot agree that all these issues are so simple that they should be resolved in a few paragraphs through the supervisory procedure of a

writ of prohibition. I would permit the trial court to complete the litigation so that we could hear the matter through the regular appellate process.

KRAHULIK, J., concurs.