**LOGANSPORT STATE HOSPITAL, Fort Wayne Developmental Center and Division of Mental Health, Appellants–Defendants,**

**v.**

**W.S., Appellee–Plaintiff.**

**No. 85A02–9502–CV–72.**

Court of Appeals of Indiana.

Sept. 25, 1995.

Pamela Carter, Attorney General, Victoria M. Ransberger, Deputy Attorney General, Indianapolis, for appellants.

David J. Magley, Wabash, for appellee.

## OPINION

KIRSCH, Judge.

Logansport State Hospital (LSH), Fort Wayne Developmental Center (FWDC), and the Division of Mental Health (DMH) appeal an Order of the Wabash County Circuit Court directing W.S. to be committed to FWDC on the condition that FWDC hire and maintain an increased staff of medical providers. One issue is presented in this interlocutory appeal:

Whether the trial court's order concerning W.S.'s placement at FWDC violated the separation of powers clause of the Indiana Constitution.

We reverse.

## FACTS AND PROCEDURAL HISTORY

W.S. was a patient at Miller's Merry Manor (Manor), a community mental health care provider. On November 15, 1994, Manor's administrator filed a Petition for Involuntary Commitment of W.S. The administrator noted that W.S.'s violent tendencies and developmental disabilities required commitment to a facility with twenty-four hour supervision and monitoring. In the physician's report accompanying the Petition, Dr. James Haughn diagnosed W.S. as suffering from severe mental retardation, organic personality disorder, and impulse control disorder. Dr. Haughn recommended W.S. for placement at FWDC.

On November 29, 1994, the trial court ordered that W.S. be committed to LSH, with a status hearing to be held on December 7, 1994. At the status hearing, the court noted that FWDC would be the facility most capable of caring for W.S., but that FWDC was currently understaffed and unable to provide minimal care to W.S. The trial court ordered that W.S. be committed to FWDC and imposed the condition that FWDC hire sixty additional direct care providers at an hourly salary of not less than $8.50 per hour. LSH, FWDC, and DMH, then filed this interlocutory appeal. The trial court certified the matter, and we accepted jurisdiction pursuant to Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

The appellants assert that the trial court's order violated the separation of powers clause in article III, § 1 of the Indiana Constitution which provides:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative; and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

This constitutional provision mandates a three-part system of government and forbids one governmental branch from encroaching upon the responsibilities of another branch. *See State ex rel. Masariu v. Marion Superior Court* (1993), Ind., 621 N.E.2d 1097, 1098.

The Indiana Constitution imposes the duty on the General Assembly to provide for individuals who have a mental illness:

"It shall be the duty of the General Assembly to provide, by law, for the support of institutions for the education of the deaf and dumb and of the blind, and also for the treatment of the insane."

IND. CONST. art. IX, § 1. Thus, the responsibility for establishing and supporting institutions such as FWDC lies with the General Assembly. This duty is non-delegable. When the trial court sought to increase FWDC's staffing, it was essentially appropriating state funds and deciding how they

should be spent. That right and responsibility is for the General Assembly alone.

 In *Hovey v. State* (1889), 119 Ind. 395, 21 N.E. 21, more than 100 years ago, our supreme court interpreted article IX, § 1 of our Constitution by stating:

> "It has accordingly become an established rule of constitutional law that, where general power has been confided to one department of government, persons entrusted with power in another department will not be permitted to encroach upon the power, nor exercise functions which pertain and are appropriate to the other department, unless the authority to do so is conferred in express terms, or unless the exercise of power becomes necessary and appropriate in order to discharge other constitutional duties and functions committed to it.
>
> . . . .
>
> "As we have already seen, the constitution in the most explicit terms enjoins upon the General Assembly the duty to make provision by law for the support and maintenance of [mental institutions]. The solemn obligation thus imposed was laid directly upon that body, and it was left absolutely untrammeled as to the means and agencies which it should employ in executing the high command of the people.
>
> . . . .
>
> "The people have imposed the duty upon the legislative department, and to the people it must give account, and not to the courts."

119 Ind. at 401–10, 21 N.E. at 23–26. The constitutional principles enunciated by the supreme court in *Hovey* remain unchanged today. Each department of government possesses a legitimate, exclusive sphere of influence, and if any department "fails to perform its duty the remedy is not to be found in the attempt of some other department to perform such duties.... Such attempt would be usurpation, more dangerous to free government than the evil sought to be corrected." *Hovey, Governor v. State ex rel. Schuck* (1890), 127 Ind. 588, 599, 27 N.E. 175, 178.

Because it is the express duty of the Indiana General Assembly and not of the courts to provide for the staffing and maintenance of facilities such as FWDC, we hold that the trial court overstepped its authority by ordering FWDC to hire more medical staff.

Reversed.

FRIEDLANDER and RILEY, JJ., concur.