Joseph KERNAN, Governor of the State of Indiana, John Hamilton, Secretary, Indiana Family and Social Services Administration, Melanie Bella, Assistant Secretary, Office of Medicaid Policy and Planning, Janet Corson, Director, Division of Mental Health, Marilyn Schultz, Director, Division of Disability, Aging Court and Rehabilitative Services, Appellants–Defendants,

v.

Richard SCHINDLER, by his Sister and Guardian Carlyn ERNSTBERGER, Nancy Egner, by her Mother and Guardian Frances Egner, Frank Migliano, by his Parents and Health Care Representatives Fank and Joyce Migliano, Gary Tuttle, by his Parent and Guardian Ruth Tuttle, Amanda Brewer, by her Guardian Miriam Ogan, Philip Pratt, by his Parents and Guardians James and Barbara Pratt, and Muscatatuck Association for Retarded Citizens, Appellees–Plaintiffs.

No. 40A01–0206–CV–200.

Court of Appeals of Indiana.

Dec. 30, 2003.

Rehearing Granted Dec. 30, 2003.

Transfer Dismissed April 15, 2004.

Arend J. Abel, Cohen & Malad, Indianapolis, IN, Attorney for Appellant.

David F. McNamar, McNamar & Associates, Indianapolis, IN, Donald B. Kite, Schultz & Pogue, LLP, Carmel, IN, Attorney for Appellee.

**OPINION ON REHEARING**

KIRSCH, Judge.

The Appellees have petitioned for rehearing as to Part II of our Opinion in this case, *O'Bannon v. Schindler*, 796 N.E.2d 335 (Ind.Ct.App.2003), in which we held that the provision of the trial court's restraining order which prohibited the State from "[r]educing or removing existing

staffing levels at [MSDC], unless the conduct of the employee violates applicable statutes, regulations, or rules of the facility" violated the separation of powers clause in the Indiana Constitution and was in conflict with our holding in *Logansport State Hospital v. W.S.*, 655 N.E.2d 588 (Ind.Ct.App.1995). We grant the Appellees' petition insofar as is stated in this opinion to clarify our prior holding.

In *Logansport State Hospital*, we held that the trial court's order to increase staffing contravened Article III, § 1 of the Indiana Constitution which provides for separation of the powers of Indiana government into the legislative, executive and judicial departments because the order essentially appropriated state funds and decided how they should be spent, which decisions are the right and responsibility of the Indiana General Assembly alone, and that it is the General Assembly's express duty to provide for the staffing and maintenance of such facilities. *Logansport*, 655 N.E.2d at 589. In our Opinion here, we determined that the trial court's restraining order which directed the maintenance of current staffing levels contravened this directive.

In their petition for rehearing, the Appellees contend that the trial court order merely directed the State to maintain staffing ratios which are mandated by certain federal and state regulations and, therefore, *Logansport State Hospital* does not apply. If that were the effect of the trial court order, we would agree. The trial court order, however, does more than direct the maintenance of staffing ratios which are required by applicable regulations. It mandates staffing levels in absolute terms and without regard to regulatory requirements. It does not provide for the State to reduce staffing in relation to a reduction in patient population as permitted by the regulations. For these reasons,

the trial court's restraining order in its present form contravenes our holding in *Logansport State Hospital.* Neither this opinion, nor our Opinion in this case should be construed to prevent the trial court from issuing an order that the State shall maintain staffing ratios in accordance with applicable governmental regulations.

NAJAM, J., concurs.

HOFFMAN, Sr.J., dissents with separate opinion.

HOFFMAN, Senior Judge, dissenting with separate opinion.

I respectfully dissent from the majority's decision to grant rehearing.

The majority's opinion on rehearing merely agrees with our original opinion that the trial court erred in prohibiting the State from reducing or removing existing staffing levels at Muscatatuck State Development Center. As both our original opinion and the majority on rehearing state, the trial court's order violates Article III, § 1 of the Indiana Constitution.

The majority's opinion on rehearing has the sole effect of advising appellate counsel as to how they may word a further request to the trial court. The opinion does not address the issue set forth in this appeal. In effect, the majority's opinion serves as an advisory opinion. This court "does not and should not issue advisory opinions." *Armstrong v. Federated Mutual Insurance Co.*, 785 N.E.2d 284, 294 (Ind.Ct.App. 2003) *trans. denied.*

I would deny the Appellees' petition.