ATTORNEYS FOR APPELLANT
William R. Groth
David T. Vlink
Fillenwarth Dennerline Groth & Towe, LLP
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA COALITION FOR OPEN GOVERNMENT, INC.
Kurt A. Webber
Carmel, Indiana

ATTORNEYS FOR APPELLEE
Geoffrey G. Slaughter
Russell C. Menyhart
Taft Stettinius & Hollister LLP
Indianapolis, Indiana



FILED

Apr 19 2016, 12:30 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S00-1510-PL-00607

CITIZENS ACTION COALITION OF INDIANA,
ENERGY AND POLICY INSTITUTE, AND
COMMON CAUSE OF INDIANA,

*Appellants (Plaintiffs below),*

v.

ERIC KOCH, AND INDIANA HOUSE
REPUBLICAN CAUCUS,

*Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D14-1504-PL-12401
The Honorable James B. Osborn, Judge

On Direct Appeal Pursuant to Indiana Appellate Rule 56(A)

**April 19, 2016**

**David, Justice.**

The case before us involves the delicate balance that must be maintained between the three branches of government. This Court has been called upon to determine whether it should exercise its jurisdiction to resolve a dispute, or decline to do so in order to faithfully uphold Indiana's express constitutional separation of powers. Because the issue before the Court would require invasion into a core function of the legislative branch, this Court declines to exercise its jurisdiction. Whether the work product exception within the Indiana Access to Public Records Act applies to the Indiana General Assembly presents a non-justiciable question. Accordingly, we affirm the trial court's order of dismissal.

**Facts and Procedural History**

The Energy and Policy Institute, a pro-clean energy think tank, made three separate requests to Indiana House Representative Eric Koch under the Indiana Access to Public Records Act (APRA), located at Indiana Code section 5-14-3-1, et. seq. These requests sought copies of Representative Koch's, and his staff's, correspondence with various business organizations in relation to specific legislation. Each of these requests were denied by the Chief Counsel of the Republican Caucus.

The first request was denied on January 20, 2015, and the second on February 9, 2015. In both, the Chief Counsel explained that APRA does not apply to the Indiana General Assembly and that it is "House tradition to treat all correspondence as confidential." (App. at 15, 19.) After these denials, a formal complaint was filed with the Indiana Public Access Counselor, which alleged that Representative Koch and the Indiana House Republican Caucus had violated APRA. Public Access Counselor, Luke Britt, issued an advisory opinion concluding that APRA does apply to the Indiana General Assembly, but that the majority of what was requested would fall into the "legislative work product exception pursuant to Ind. Code § 5-14-3-4(b)(14)." (App. at 21-22.) After the third request was denied, in which the Chief Counsel also asserted that the requested records were discretionarily exempt from disclosure as legislative "work product," another complaint was filed with the Public Access Counselor. The second advisory opinion concluded

2

that the third request had met specificity and reasonable particularity requirements, but the "disclosure or denial of the work product is at the discretion of the legislature." (App. at 29-30.)

On April 15, 2015, the Citizens Action Coalition of Indiana, the Energy and Policy Institute, and Common Cause of Indiana (collectively, "Plaintiffs") filed a complaint against Representative Koch and the Indiana House Republican Caucus (collectively, "Defendants"). Plaintiffs sought a declaratory judgment that APRA was applicable to Representative Koch and the Caucus and that Defendants had violated APRA by denying some or all of Plaintiffs' requests. Plaintiffs also sought an order for Defendants to disclose any records deemed by the court to be non-exempt.

On June 26, 2015, Defendants filed a Rule 12(B) Motion to Dismiss for Lack of Justiciability, and Alternatively, for Failure to State a Claim. Defendants' argued that dismissal was appropriate under Indiana Trial Rule 12(B)(1)[1] because Plaintiffs' requests would "interfere with the internal workings of the legislature," and should be found non-justiciable on those grounds. (App. at 33.) Alternatively, Defendants assert that Indiana Trial Rule 12(B)(6)[2] would also provide three (3) grounds for dismissal: (1) two of the plaintiffs lacked standing to bring the suit; (2) neither Representative Koch nor the Republican Caucus is a "public agency" under APRA; and (3) the Caucus is not a proper party for the additional reason that the requests were made solely to Representative Koch.

After a hearing on the motions, the trial court granted Defendants' motion to dismiss under Rule 12(B)(1), concluding that the issue was non-justiciable. The court did not address

---

[1] Indiana Trial Rule 12(B)(1) provides that a motion to dismiss may be made for "[l]ack of jurisdiction over the subject matter."

[2] Indiana Trial Rule 12(B)(6) provides that a motion to dismiss may be made for "[f]ailure to state a claim upon which relief can be granted . . . ."

Defendants' other grounds for dismissal that were brought under Rule 12(B)(6). Plaintiffs filed a notice of appeal and then requested that this Court accept jurisdiction pursuant to Indiana Appellate Rule 56(A).[3] This Court granted the motion, accepting jurisdiction.

We now hold that the Indiana Supreme Court does have subject matter jurisdiction to hear the case, which is distinguishable from a determination of whether a case is justiciable. As to the general applicability of APRA to the legislature, we hold that this issue is justiciable and conclude that APRA does apply to the Indiana General Assembly, necessarily including the members and groups that make up the General Assembly. However, under our controlling precedent in State ex rel. Masariu v. Marion Superior Court No. 1, 621 N.E.2d 1097 (Ind. 1993) and Berry v. Crawford, 990 N.E.2d 410 (Ind. 2013), we hold that the specific question of whether the APRA requests at issue in this case are exempt from disclosure as legislative "work product" is non-justiciable.

**Standard of Review**

"Where the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law and we review the trial court's ruling *de novo*." Berry, 990 N.E.2d at 414 (Ind. 2013) (citing GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind. 2001)). "Likewise . . . we review all conclusions of law *de novo*." Id.

**I.     The Court has Subject Matter Jurisdiction**

Before addressing the specific issues raised in the current case, we find it prudent to restate the distinction between jurisdiction and justiciability. Jurisdiction is properly defined as "[a]

---

[3] Indiana Appellate Rule 56(A) provides in pertinent part, "In rare cases, the Supreme Court may, upon verified motion of a party, accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals upon a showing that the appeal involves a substantial question of law of great public importance and that an emergency exists requiring a speedy determination."

court's power to decide a case or issue a decree." Id. at 417 (citing Black's Law Dictionary 927 (9th ed. 2009)). Alternatively, justiciability is "[t]he quality or state of being appropriate or suitable for adjudication by a court." Id. at 418 (citing Black's Law Dictionary 943). Thus, dismissal for the lack of justiciability is separate and distinct from having subject matter jurisdiction. Declining to hear a case on grounds of non-justiciability arises due to "prudential concerns over the appropriateness of a case for adjudication." Id.

Article 7, Section 4 of the Indiana Constitution sets out the jurisdiction of the Indiana Supreme Court: "[t]he Supreme Court shall exercise appellate jurisdiction under such terms and conditions as specified by rules . . . ." Under Indiana Appellate Rule 4, "[t]he Supreme Court shall have discretionary jurisdiction over cases in which it grants Transfer under Rule 56 . . . ." In the present case, this Court granted transfer under Indiana Appellate Rule 56(A), which provides in relevant part, "[i]n rare cases, the Supreme Court may, upon verified motion of a party, accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals upon showing that the appeal involves a substantial question of law of great public importance and that an emergency exists requiring a speedy determination." Accordingly, this Court has subject matter jurisdiction over the present case. We further conclude that it was error for the trial court to dismiss this action under Indiana Trial Rule 12(B)(1) for lack of jurisdiction.

## II. The Claim is Non-Justiciable

As provided above, justiciability is not a question of jurisdiction, but whether it is prudent for the Court to exercise its jurisdiction. Because we agree that the core question is non-justiciable, under Indiana Trial Rule 12(B)(6), we affirm the trial court's dismissal of this claim. See McPeek v. McCardle, 888 N.E.2d 171, 174 (Ind. 2008) (explaining that this Court "may affirm the grant of a motion to dismiss if it is sustainable on any theory").

The Indiana Constitution explicitly provides for the separation of powers: "The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under

5

one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Article 3, § 1. "[A]lthough the courts have jurisdiction to review [a] case in the first instance, justiciability concerns stemming from Article 3, Section 1, caution courts to intervene only where doing so would not upset the balance of the separation of powers." Berry, 990 N.E.2d at 418. In other words, although this Court may have subject matter jurisdiction, it may, "for prudential reasons," ultimately conclude that the issue presented is non-justiciable. Id. "[W]here a particular function has been expressly delegated to the legislature by our Constitution without any express constitutional limitation or qualification, disputes arising in the exercise of such functions are inappropriate for judicial resolution." Id. at 421.

To maintain the separation of powers, this Court "should not intermeddle with the internal functions of either the Executive or Legislative branches of Government." Masariu, 621 N.E.2d at 1098. This Court has previously found a separation of powers issue where legislation appears to empower the judicial branch to "inquire into and interfere with the internal operations of the Indiana House of Representatives." Id. We determine that a similar type of inquiry and interference with the internal operations of the legislative branch is being requested in the present case.

APRA provides that "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." Ind. Code § 5-14-3-3(a). The threshold question is whether APRA applies to the General Assembly and its members. Because we find no constitutional provision that expressly reserves to the legislative branch the authority to determine whether a statute will apply to the legislature, absent the General Assembly creating an exemption by statute or by rule, we find the question of applicability justiciable.

Under Article 4, the General Assembly is given the authority to draft and approve the laws of this State, and specifically under Section 10, the legislature also has the authority to "determine its rules of proceeding." The General Assembly did not exercise this authority by excluding itself from the reach of APRA by either statute or rule. In fact, the explicit exception within APRA for

6

the "work product of individual members and the partisan staffs of the general assembly" clearly contemplates APRA's application to the General Assembly and its members. Ind. Code § 5-14-3-4(b)(14). Because the General Assembly contemplated APRA's application to itself and its members, we see no prudential reason why this question should be avoided on grounds of justiciability. We hold that APRA does apply to the General Assembly and its members.

The determinative issue in relation to justiciability arises instead under Defendants' assertion that even if APRA is applicable, the requested documents are exempt from disclosure under APRA. As stated above, Indiana Code section 5-14-3-4(b) provides in pertinent part that "the following public records shall be excepted from section 3 of this chapter at the discretion of a public agency: . . The work product of individual members and partisan staff of the general assembly." The term "work product" is not defined within APRA nor by rule. Thus, the question becomes whether, under the principles of justiciability, this Court should define legislative "work product" and order the legislature to disclose records in accordance with this court-created definition.[4] This we will not do.

This Court provided in <u>Berry</u> that the purpose of Article 3, Section 1, was to "rid each separate department of government from any influence or control by the other department." 990 N.E.2d at 415 (citations omitted). In order to achieve this constitutional aim, this Court "should be very careful not to invade the authority of the legislature. Nor should anxiety to maintain the constitution . . . lessen [its] caution in that particular." <u>Id.</u>

In <u>Masariu</u>, this Court also explained that if a legislative enactment "empower[s] the judicial branch to inquire into and interfere with the internal operations of the Indiana House of

---

[4] We note that this Court frequently engages in statutory interpretation that often requires defining terms that are not defined within a statute. Here, however, where defining "work product" would impose upon a "core legislative function," we decline to do so on grounds of justiciability.

Representatives, said application transgresses the . . . separation of powers clause of our state constitution." 621 N.E.2d at 1098. Here, to define for the legislature what constitutes its own work product, and to then order disclosure of such documents, would indeed be an interference with the internal operations of the General Assembly.

Under Article 4, Section 16 of the Indiana Constitution, "[e]ach House shall have all powers, necessary for a branch of the Legislative department of a free and independent State." The General Assembly itself carries out those powers delegated to the legislative branch under Article 4, Section 16. Consequently, only the General Assembly can properly define what work product may be produced while engaging in its constitutionally provided duties. Thus, defining work product falls squarely within a "core legislative function." Moreover, the General Assembly exercised its constitutional law-making authority when it crafted Section 4(b) of APRA, which provides that legislative work product "shall be excepted . . . *at the discretion of a public agency.*" Ind. Code § 5-14-3-4(b) (emphasis added). Since the General Assembly and its members constitute a "public agency," the statute itself expressly reserves to the General Assembly the discretion to disclose or not to disclose its work product. We are not inclined to make determinations that may interfere with the General Assembly's exercise of discretion under APRA.

We hold that determining whether the documents requested by Plaintiffs are excepted under APRA as legislative work product presents a non-justiciable question.

### Conclusion

The general question of whether APRA applies to the Indiana General Assembly and its members is justiciable, and we hold that APRA does apply. However, we find non-justiciable the question of whether the documents requested in this case are exempt from disclosure under APRA's work product exception, Indiana Code section 5-14-3-4(b)(14). Accordingly, under Indiana Trial Rule 12(B)(6), we affirm the trial court's dismissal.

Rush, C.J., Dickson and Massa, J.J., concur.

8

Rucker, J., concurs in part, dissents in part with separate opinion.

**Rucker, J., concurring in part and dissenting in part.**

I agree with the majority that the Access to Public Records Act (APRA) is fully applicable to the legislature. As the majority correctly points out: "Because the General Assembly contemplated APRA's application to itself and its members, we see no prudential reason why this question should be avoided on grounds of justiciability." Slip op. at 7; accord MacIver Inst. for Pub. Policy, Inc., v. Erpenbach, 848 N.W.2d 862, 875 (Wis. Ct. App. 2014) (Reilly, J., concurring in opinion compelling state senator to disclose certain policy-related emails) ("If legislators do not like the law they created they can repeal it—but until then they must abide by it."). Thus I agree the trial court erred in granting Defendants' Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. But the majority takes a wrong turn in granting relief based on Rule 12(B)(6). In essence my colleagues have offered an advisory opinion and made a pre-emptive strike on a matter that deserves further record development. On this issue I respectfully dissent.

A motion to dismiss for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a complaint, not the facts supporting it—that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. See Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604, 605 (Ind. 2007). The law is settled that a complaint may not be dismissed under Rule 12(B)(6) unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. King v. S.B., 837 N.E.2d 965, 966 (Ind. 2005); City of New Haven v. Reichhart, 748 N.E.2d 374, 377 (Ind. 2001); Martin v. Shea, 463 N.E.2d 1092, 1093 (Ind. 1984). In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in his favor. King, 837 N.E.2d at 966. We review the trial court's ruling *de novo*. Charter One, 865 N.E.2d at 604.

In this case Plaintiffs filed a complaint for declaratory judgment seeking certain documents from Representative Eric Koch. In particular, the complaint recounted three separate requests: the first dated January 16, 2015 requesting "emails, draft records, notes, minutes, scheduling records,

text messages, and all other correspondence or records" pertaining to correspondence between Koch and a certain energy company, App. at 7-8; the second dated February 2, 2015 requesting the same information as the first, but included several additional energy companies, App. at 8; the third dated March 9, 2015 requesting "all emails, correspondence, or other documents that pertain to 'net metering,' 'solar energy,' 'distributed generation,' 'electric fairness,' or 'fixed charges,' created between Koch and ten identified energy companies and energy company lobbyists from September 1, 2014 to the present." App. at 8. Responding on behalf of Koch, the Chief Counsel of the House Republican Caucus denied each request insisting that APRA "does not apply to the Indiana General Assembly." App. at 15, 19, 23. With respect to the third request, the Chief Counsel also contended that APRA "excludes from disclosure . . . the work product of the individual members and partisan staffs of the General Assembly." App. at 23.

In response to Plaintiffs' complaint Defendants filed their motion to dismiss. Here is what they had to say:

> 2. Plaintiffs' claims should be dismissed for two separate reasons.

> 3. First, the judicial decree Plaintiffs seek would interfere with the internal workings of the legislature. Under controlling Indiana Supreme Court authority, Plaintiffs' claims are non-justiciable and must be dismissed under Rule 12(B)(1).

> 4. Second, Plaintiffs fail to state a claim upon which judicial relief can be granted under Rule 12(B)(6):

>> (i)      two of the three Plaintiffs lack standing under the Act because they did not file the disputed public-records requests that are the subject of this lawsuit;

>> (ii)     neither Representative Koch and [sic] nor the Caucus is a "public agency" under the Act; and

2

> (iii) the Caucus is not a proper party for the additional reason that the requests at issue here were directed solely at Representative Koch.

App. at 33. As indicated earlier the majority correctly dispensed with Defendants' first reason. But contrary to the majority's position, conspicuously absent from Defendants' second reason is any mention whatsoever of "work product" as a ground for dismissal. Apparently recognizing this omission, the majority attempts to get around it citing authority for the proposition that we "may affirm the grant of a motion to dismiss if it is sustainable on any theory." Slip op. at 5 (citation omitted).

Two problems. First the trial court did not *grant* Defendants' 12(B)(6) motion to dismiss. Instead the trial court found it unnecessary to address the issue in light of its decision dismissing this case for lack of justiciability. This is not a situation where the trial court granted the 12(B)(6) motion, say for example, on grounds asserted by the Defendants, "neither Representative Koch and [sic] nor the Caucus is a 'public agency' under the Act" and this Court agreed with the dismissal outcome, but for different reasons. In essence it cannot be said that in this case the Court is now affirming the trial court's grant of a motion to dismiss. Second, it is of course true that "an appellate court may affirm a trial court's judgment on any theory *supported by the evidence*." Dowdell v. State, 720 N.E.2d 1146, 1152 (Ind. 1999) (emphasis added). But affirming the trial court on an alternative theory is appropriate only "where the parties have addressed themselves to the merits of the theory on which the judgment is ultimately sustained." Havert v. Caldwell, 452 N.E.2d 154, 157 (Ind. 1983) (citation omitted).

There is no question APRA exempts from disclosure "[t]he work product of individual members and the partisan staffs of the general assembly." Ind. Code § 5-14-3-4(b)(14). The glaring problem here however is that neither before the trial court, nor indeed even before this Court, did the parties address the merits of this work product exemption. And importantly, in responding to Plaintiffs' complaint Defendants never alleged a work product exemption or asserted "emails, draft records, notes, minutes, scheduling records, text messages, and all other correspondence or records" fall within the exemption umbrella. It is worth recalling that the

3

question before us is whether Plaintiffs have "state[ed] a claim upon which relief can be granted . . . ." Ind. Trial Rule 12(B)(6). Absent evidence the legislature has deemed exempt the specific documents Plaintiffs request, it is plain to me Plaintiffs' complaint survives Defendants' 12(B)(6) motion to dismiss.[5] The majority's ruling is not only premature, but it unfortunately weighs in on a significant separation of powers issue without an adequate record. I would refrain from so doing and instead remand this matter to the trial court for further proceedings.

---

[5] It is also worth noting that "work product" has a defined meaning. See, e.g., Outback Steakhouse of Florida, Inc. v. Markley, 856 N.E.2d 65, 78 (Ind. 2006) (noting, "[t]he purpose of the [work product] privilege is to protect the mental impressions and legal theories of attorneys and their clients"). Here the majority seems to suggest that no matter the definition, if the legislature simply labels a document as work product then that automatically makes it so and the Court has no say in the matter. This goes too far in my view.