On Direct Appeal Pursuant to Indiana Appellate Rule 56(A).
DAVID, Justice.
The case before us involves the delicate balance that must be maintained between the three branches of government. This Court has been called upon to determine whether it should exercise its jurisdiction *239 to resolve a dispute, or decline to do so in order to faithfully uphold Indiana’s express constitutional separation of powers. Because the issue before the Court would require invasion into a core function of the legislative branch, this Court declines to exercise its jurisdiction. Whether the work product exception within the Indiana Access to Public Records Act applies to the Indiana General Assembly presents a non-justiciable question. Accordingly, we affirm the trial court’s order of dismissal.
Facts and Procedural History
The Energy and Policy Institute, a pro-clean energy think tank, made three separate requests to Indiana House Representative Eric Koch under the Indiana Access to Public Records Act (APRA), located at Indiana Code section 5-14-3-1, et. seq. These requests sought copies of Representative Koch’s, and his staff’s, correspondence with various business organizations in relation to specific legislation. Each of these requests were denied by the Chief Counsel of the Republican Caucus.
The first request was denied on January 20, 2015, and the second on February 9, 2015. In both, the Chief Counsel explained that APRA does not apply to the Indiana General Assembly and that it is “House tradition to treat all correspondence as confidential.” (App. at 15, 19.) After these denials, a formal complaint was filed with the Indiana Public Access Counselor, which alleged that Representative Koch and the Indiana House Republican Caucus had violated APRA. Public Access Counselor, Luke Britt, issued an advisory opinion concluding that APRA does apply to the Indiana General Assembly, but that the majority of what was requested would fall into the “legislative work product exception pursuant to Ind.Code § 5-14-3-4(b)(14).” (App.- at 21-22.) After the third request was denied, in which the Chief Counsel also asserted that the requested records were discretionarily exempt from disclosure as legislative “work product,” another complaint was filed with the Public Access Counselor. The second advisory opinion concluded that the third request had met specificity and reasonable particularity requirements, but the “disclosure or denial of the work product is at the discretion of the legislature.” (App. at 29-30.)
On April 15, 2015, the Citizens Action Coalition of Indiana, the Energy and Policy Institute, and Common Cause of Indiana (collectively, “Plaintiffs”) filed a complaint against Representative Koch and the Indiana House Republican Caucus (collectively, “Defendants”). Plaintiffs sought a declaratory judgment that APRA was applicable to Representative Koch and the Caucus and that Defendants had violated APRA by denying some or all of Plaintiffs’ requests. Plaintiffs also sought an order for Defendants to disclose any records deemed by the court to be nonexempt.
On June 26, 2015, Defendants filed a Rule 12(B) Motion to Dismiss for Lack of Justiciability, and Alternatively, for Failure to State a Claim. Defendants’ argued that dismissal was appropriate under Indiana Trial Rule 12(B)(1)[1] because Plaintiffs’ requests would “interfere with the internal workings of the legislature,” and should be found non-justiciable on those grounds. (App. at 33.) Alternatively, Defendants assert that Indiana Trial Rule 12(B)(6)[2] would also provide three (3) *240 grounds for dismissal: (1) two of the plaintiffs lacked standing to bring the suit; (2) neither Representative Koch nor the Republican Caucus is a “public agency” under APRA; and (3) the Caucus is not a proper party for the additional reason that the requests were made solely to Representative Koch.
After a hearing on the motions, the trial court granted Defendants’ motion to dismiss under Rule 12(B)(1), concluding that the issue was non-justiciable. The court did not address Defendants’ other grounds for dismissal that were brought under Rule 12(B)(6). Plaintiffs filed a notice of appeal and then requested that this Court accept jurisdiction pursuant to Indiana Appellate Rule 56(A).[3] This Court granted the motion, accepting jurisdiction.
We now hold that the Indiana Supreme Court does have subject matter jurisdiction to hear the case, which is distinguishable from a determination of whether a case is justiciable. As to the general applicability of APRA to the legislature, we hold that this issue is justiciable and conclude that APRA does apply to the Indiana General Assembly, necessarily including the members and groups that make up the General Assembly. However, under our controlling precedent in State ex rel. Masariu v. Marion Superior Court No. 1, 621 N.E.2d 1097 (Ind.1993) and Berry v. Crawford, 990 N.E.2d 410 (Ind.2013), we hold that the specific question of whether the APRA requests at issue in this case are exempt from disclosure as legislative “work product” is non-justiciable.
Standard of Review
“Where the facts before the trial court are not in dispute, the question of subject matter jurisdiction is one of law and we review the trial court’s ruling de novo.” Berry, 990 N.E.2d at 414 (Ind.2013) (citing GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind.2001)). “Likewise ... we review all conclusions of law de novo.” Id.
I. The Court has Subject Matter Jurisdiction
Before addressing the specific issues raised in the current case, we find it prudent to restate the distinction between jurisdiction and justiciability. Jurisdiction is properly defined as “[a] court’s power to decide a case or issue a decree.” Id. at 417 (citing Black’s Law Dictionary 927 (9th ed.2009)). Alternatively, justiciability is “[t]he quality- or state of being appropriate or suitable for adjudication by a court.” Id. at 418 (citing Black’s Law Dictionary 943). Thus, dismissal for the lack of justi- • ciability is separate and distinct from having subject matter jurisdiction. Declining to hear a case on grounds of non-justicia-bility arises due to “prudential concerns over the appropriateness of a case for adjudication.” Id.
Article 7, Section 4 of the Indiana Constitution sets out the jurisdiction of the Indiana Supreme Court: “[t]he Supreme Court shall exercise appellate jurisdiction under such terms and conditions as specified by rules.... ” Under Indiana Appellate Rule 4, “[t]he Supreme Court shall have discretionary jurisdiction over cases in which it grants Transfer under Rule 56.... ” In the present case, this Court granted transfer under Indiana Appellate Rule 56(A), which provides in relevant part, “[i]n rare cases, the Supreme *241 Court may, upon verified motion of a party, accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals upon showing that the appeal involves a substantial question of law of great public importance and that an emergency exists requiring a speedy determination.” Accordingly, this Court has subject matter jurisdiction over the present case. We further conclude that it was error for the trial court to dismiss this action under Indiana Trial Rule 12(B)(1) for lack of jurisdiction.
II. The Claim is Non-Justiciable
As provided above, justiciability is not a question of jurisdiction, but whether it is prudent for the Court to exercise its jurisdiction. Because we agree that the core question is non-justiciable, under Indiana Trial Rule 12(B)(6), we affirm the trial court’s dismissal of this claim. See McPeek v. McCardle, 888 N.E.2d 171, 174 (Ind.2008) (explaining that this Court “may affirm the grant of a motion to dismiss if it is sustainable on any theory”).
The Indiana Constitution explicitly provides for the separation of powers: “The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided.” Article 3, § 1. “[AJlthough the courts have jurisdiction to review [a] case in the first instance, justiciability concerns stemming from Article 3, Section 1, caution courts to intervene only where doing so would not upset the balance of the separation of powers.” Berry, 990 N.E.2d at 418. In other words, although this Court may have subject matter jurisdiction, it may, “for prudential reasons,” ultimately conclude that the issue presented is non-justiciable. Id. “[WJhere a particular function has been expressly delegated to the legislature by our Constitution without any express constitutional limitation or qualification, disputes arising in the exercise of such functions are inappropriate for judicial resolution.” Id. at 421.
To maintain the separation of powers, this Court “should not intermeddle with the internal functions of either the Executive or Legislative branches of Government.” Masariu, 621 N.E.2d at 1098. This Court has previously found a separation of powers issue where legislation appears to empower the judicial branch to “inquire into and interfere with the internal operations of the Indiana House of Representatives.” Id. We determine that a similar type of inquiry and interference with the internal operations of the legislative branch is being requested in the present case.
APRA provides that “[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter.” Ind.Code § 5-14-3-3(a). The threshold question is whether APRA applies to the General Assembly and its members. Because we find no constitutional provision that expressly reserves to the legislative branch the authority to determine whether a statute will apply to the legislature, absent the General Assembly creating an exemption by statute or by rule, we find the question of applicability justiciable.
Under Article 4, the General Assembly is given the authority to draft and approve the laws of this State, and specifically under Section 10, the legislature also has the authority to “determine its rules of proceeding.” The General Assembly did not exercise this authority by excluding *242 itself from the reach of APRA by either statute or rule. In fact, the explicit exception within APRA for the “work product of individual members and the partisan staffs of the general assembly” clearly contemplates APRA’s application to the General Assembly and its members. Ind.Code § 5-14-4M(b)(14). Because the General Assembly contemplated APRA’s application to itself and its members, we see no prudential reason why this question should be avoided on grounds of justiciability. We hold that APRA does apply to the General Assembly and its members.
The determinative issue in relation to justiciability arises instead under Defendants’ assertion that even if APRA is applicable, the requested documents are exempt from disclosure under APRA. As stated above, Indiana Code section 5-14-3-4(b) provides in pertinent part that “the following public records shall be excepted from section 3 of this chapter at the discretion of a public agency ... The work product of individual members and partisan staff of the general assembly.” The term “work product” is not defined within APRA nor by rule. Thus, the question becomes whether, under the principles of justiciability, this Court should define legislative “work product” and order the legislature to disclose records in accordance with this court-created definition.[4] This we will not do.
This Court provided in Berry that the purpose of Article 3, Section 1, was to “rid each separate department of government from any influence or control by the other department.” 990 N.E.2d at 415 (citations omitted). In order to achieve this constitutional aim, this Court “should be very careful not to invade the authority of the legislature. Nor should anxiety to maintain the constitution ... lessen [its] caution in that particular.” Id.
In Masariu, this Court also explained that if a legislative enactment “empower[s] the judicial branch to inquire into and interfere with the internal operations of the Indiana House of Representatives, said application transgresses the ... separation of powers clause of our state constitution.” 621 N.E.2d at 1098. Here, to define for the legislature what constitutes its own work product, and to- then order disclosure of such documents, would indeed be an interference with the internal operations of the General Assembly.
Under Article 4, Section 16 of the Indiana Constitution, “[e]ach House shall have all powers, necessary for a branch of the Legislative department of a free and independent State.” The General Assembly itself carries out those powers delegated to the legislative branch under Article 4, Section 16. Consequently, only the General Assembly can properly define what work product may be produced while engaging in its constitutionally provided duties. Thus, defining work product falls squarely within a “core legislative function.” Moreover, the General Assembly exercised its constitutional law-making authority when it crafted Section 4(b) of APRA, which provides that legislative work product “shall be excepted ... at the discretion of a public agency.” Ind.Code § 5-14-3-4(b) (emphasis added). Since the General Assembly and its members constitute a “public agency,” the statute itself expressly reserves to the General Assembly the discretion to disclose or not to disclose its work product. We are not *243 inclined to make determinations that may interfere with the General Assembly’s exercise of discretion under APRA.
We hold that determining whether the documents requested by Plaintiffs are excepted under APRA as legislative work product presents a non-justiciable question.
Conclusion
The general question of whether APRA applies to the Indiana General Assembly and its members is justiciable, and we hold that APRA does apply. However, we find non-justiciable the question of whether the documents requested in this case are exempt from disclosure under APRA’s work product exception, Indiana Code section 5-14 — 3—4(b)(14). Accordingly, under Indiana Trial Rule 12(B)(6), we affirm the trial court’s dismissal.
RUSH, C.J., DICKSON and MASSA, JJ., concur.
RUCKER, J., concurs in part, dissents in part with separate opinion.

. Indiana Trial Rule 12(B)(1) provides that a motion to dismiss may be made for “[l]ack of jurisdiction over the subject matter.”

. Indiana Trial Rule 12(B)(6) provides that a motion to dismiss may be made for "[flailure to state a claim upon which relief can be granted....”

. Indiana Appellate Rule 56(A) provides in pertinent part, "In rare cases, the Supreme Court may, upon verified motion of a party, accept jurisdiction over an appeal that would otherwise be within the jurisdiction of the Court of Appeals upon a showing that the appeal involves a substantial question of law of great public importance and that an emergency exists requiring a speedy determination.”

. We note that this Court frequently engages in statutory interpretation that often requires defining terms that are not defined within-a statute. Here, however, where defining "work product" would impose upon a “core legislative function,” we decline to do so on grounds of justiciability.