STATE of Indiana, Appellant (Plaintiff Below),

v.

Robert BARLOW, Appellee (Defendant Below).

No. 2–877A343.

Court of Appeals of Indiana, Second District.

June 18, 1979.

Theo. L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for appellant.

Geoffrey A. Rivers, Muncie, for appellee.

SHIELDS, Judge.

The State of Indiana appeals from an order of the trial court granting Barlow's motion to dismiss an information charging conspiracy to commit a felony, to wit: second degree burglary.

The facts that gave rise to this appeal are as follows: On September 23, 1976 an information was filed charging Barlow with conspiracy to commit second degree burglary. Barlow, on October 6, 1976, filed a Petition for Election of Treatment as a drug abuser pursuant to IC 16–13–6.1–16 (Burns Code Ed., Supp.1976) alleging that he was an abuser of alcohol. On October 26, 1976 the trial court conducted a hearing on the petition and referred Barlow to the Department of Mental Health for an evaluation. The trial court was advised by the Department of Mental Health on November 4, 1976 that arrangements had been made to admit Barlow to the Richmond State Hospital for alcohol abuse treatment. On November 12, 1976 the trial court issued an order committing Barlow to the Richmond State Hospital for alcoholism treatment.[1] After completion of the course of treatment Barlow was discharged from the Richmond State Hospital on May 10, 1977. He then filed a motion to dismiss the information on May 12, 1977 and, apparently, a hearing was held on said motion on the same day. The trial court granted the motion to dismiss the information on May 13, 1977. The State filed a motion to correct errors on June 2, 1977, which was overruled on the same day. This appeal followed.

■ The State raises three issues for our review, the central question being whether the election of treatment as a drug abuser, pursuant to IC 16–13–6.1–16, is available to an abuser of alcohol. We do not address the issues raised by the State, however. It is our opinion that the State's failure to object to the course of proceedings followed by the trial court waives any error that may have been committed. A party may not sit idly by, observe the commission of error without calling it to the attention of the trial court, and then attempt to raise that error to his advantage on appeal. *Gosnell v. State*, (1978) Ind., 376 N.E.2d 471; *Graddy v. State*, (1978) Ind.App., 376 N.E.2d 506.

■ In the case at bar, the State had ample opportunity to object to Barlow's petition to elect treatment as a drug abuser. That he was electing as an alcohol abuser rather than a drug abuser was clearly revealed in his petition. Moreover, the State had ample opportunity to object when the trial court held a hearing on Barlow's petition. The State, however, waited until Barlow had completed the course of treatment and then requested a dismissal of the information[2] before it objected to the entire course of proceedings followed by the trial court. Under these circumstances, the State's dilatory objection waives any error the trial court may have committed in following the course of proceedings that it did.

Affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

1. The record indicates that appellee was admitted for treatment on November 10, 1976.

2. Pursuant to IC 16–13–6.1–17(c) (Burns Code Ed., Supp.1976), after successful completion of treatment, the criminal charge against an individual who has elected for treatment under IC 16–13–6.1–16 is dismissed.