STATE of Indiana, Appellant–Plaintiff,

v.

Fred L. NIX, Appellee–Defendant.

No. 92A05–0502–CR–108.

Court of Appeals of Indiana.

Sept. 7, 2005.

Rehearing Denied Nov. 1, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, for Appellant.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

The State, pursuant to Indiana Code section 35–48–4–2(2), appeals the trial court's grant of Fred L. Nix's motion for discharge under Indiana Criminal Rule 4(C).

We affirm.

*ISSUE*

Whether the trial court erred in granting Nix's motion for discharge under Indiana Criminal Rule 4(C).

*FACTS*

On February 26, 2003, Whitley County Sheriff Jason Spencer witnessed Nix driving a passenger vehicle in excess of the posted speed limit. Spencer conducted a traffic stop of Nix. That traffic stop led to an arrest of Nix and criminal charges being filed against him. On March 3, 2003, Nix was charged with operating a vehicle while intoxicated with a prior conviction, as a class D felony; operating a vehicle with a blood alcohol concentration equivalent to more than .08 but less than 0.15 with a prior conviction, as a class D felony; operating a vehicle with a controlled substance or its metabolite in body with a prior conviction, as a class D felony; possession of a controlled substance with a prior conviction, as a class D felony; exceeding a maximum speed limit, as a class C infraction; and being an habitual substance offender.

On May 19, 2003, Nix came before the court, by counsel, and filed a pre-trial Request for Treatment in a Felony Case pursuant to Indiana Code section 12–23–6–1 with a memorandum in support thereof. The State was represented by counsel at that hearing and filed no objection to the request. The trial court granted the request the same day. The court also issued an order that Nix was to be examined by the "Department of Mental Health to determine his status as a drug abuser or alcoholic." (App.31). On June 9, 2003, Bowen Center for Human Services provided a report to the court that stated that various tests had been conducted on Nix and that he had been placed in their treatment addiction group. The chronological case summary states that copies of the

report were sent to the State and defense counsel of record. A second report was filed with the court on October 6, 2003, stating that Nix had successfully completed addiction treatment.

Subsequently, on March 2, 2004, the State filed a Motion to Set Trial in this matter. Within its motion, the State stated that it had not received notice that Nix had been evaluated and accepted into treatment. The State further asserted in the motion that it did not consent to deferral of prosecution of Nix. A hearing on the State's motion was set for March 8, 2004. On March 8, 2004, Nix appeared in person and by counsel and filed a Motion for Discharge pursuant to Indiana Criminal Rule 4(C). The trial court heard argument from both sides. The trial court allowed both sides to submit memoranda of authority to support their positions and set the matter for jury trial on August 25, 2004. On May 24, 2004, further argument on Nix's motion for discharge was heard. On July 2, 2004, the trial court granted Nix's motion. On July 30, 2004, the State filed a Motion to Correct Error. Nix filed a reply to the State's motion. After a hearing, the trial court denied the State's motion.

## DECISION

■ Indiana Criminal Rule 4(C) provides in pertinent part the following:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act.

"The rule places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State,* 810 N.E.2d 1064, 1065 (Ind.2004).

The State argues that Nix's request for drug treatment, while the case was pending, caused a delay in the prosecution of this case, the time of that delay is chargeable against Nix, and therefore, the State is entitled to an extension of 140 days past the one-year deadline. That 140 days would represent the time from Nix's request until the filing of the report with the trial court stating that he had completed the program. We agree that Nix's request for treatment caused a delay and that time is chargeable against him. However, that does not resolve the issue in this matter.

■ Indiana Code section 12–23–6–1 provides that a "drug abuser or an alcoholic charged with or convicted of a felony may request treatment under the supervision of the division" instead of prosecution or imprisonment. An individual requesting the court to participate in treatment pursuant to this statutory provision, if found to be qualified by the court, will receive advisements by the court; and, if the individual will agree with the advisements, the court will order that the individual be examined by the department of mental health. I.C. §§ 12–23–7–1, 2, and 3. The examination is to determine "whether the individual is a drug abuser or an alcoholic and is likely to be rehabilitated through treatment." I.C. § 12–23–7–3. After the examination is conducted, the trial court is to receive a report regarding the division's determination. I.C. § 12–23–7–6. If the individual is accepted for treatment during the pendency of a felony charge, the court may, with the consent of the prosecuting attorney,

(1) Defer the trial; or

(2) Without a jury, conduct the trial of the individual but may, with the consent of the prosecuting attorney, do the following:

(A) Defer entering general findings with respect to the individual until the time that prosecution may be resumed.

(B) Place the individual under the supervision of the division for treatment for a maximum of two (2) years.

I.C. § 12–23–7–8 (emphasis added). Further, addiction treatment is also available for those who have already been convicted of a felony, if the court believes that to be "a drug abuser or an alcoholic or the individual states that the individual is a drug abuser or an alcoholic." I.C. § 12–23–8–1.

 In this case, Nix sought treatment in lieu of prosecution, as his request was a pre-trial motion. The State failed to lodge an objection to Nix's participation in treatment in lieu of prosecution. *See State v. Barlow,* 181 Ind.App. 79, 390 N.E.2d 1046, 1047 (1979) (finding the State's objection to a defendant's participation in an addiction program after the defendant completed the treatment waived any argument the State had regarding an error the trial court may have committed in following the statute). In order to receive treatment in lieu of prosecution, Nix had to agree with certain statutory advisements. Pertinent to the issue at hand was Nix's agreement that "a request [for treatment pursuant to I.C. § 12–23–6–1] constitutes a formal waiver of the right to a speedy trial." I.C. § 12–23–7–2(4). Indiana Criminal Rule 4(C) is the implementation of the constitutional right to a speedy trial. *State v. Erlewein,* 755 N.E.2d 700, 706 (Ind.Ct. App.2001). Nix, by agreeing to waive his right to a speedy trial in the advisements, also waived his right to be brought to trial within a year, and extended the year deadline of prosecution by 140 days.

 Indiana Code section 12–23–7–11 states in pertinent part:

If an individual is placed under the supervision of the division for treatment under this chapter, the criminal charge against the individual shall be ... dismissed if the division certifies to the court that the individual has successfully completed the treatment program.

As the facts outlined above, Nix complied with the statute and successfully completed treatment. Therefore, he is entitled to the trial court following Indiana Code section 12–23–7–11 and the case not being prosecuted.

Our review of the record also suggests that the trial court did not base its ruling for Nix upon his Criminal Rule 4(C) argument. In the trial court's April 30, 2004 order, the court stated that it "reviewed a different line of legal thought than that proposed by counsel," referring, we believe, to both sides' position on discharge based upon Indiana Criminal Rule 4(C). Given the facts of this case, the only other grounds for discharge would be Nix's successful completion of drug treatment.

Based upon Nix's compliance with the statutory provisions to receive treatment in lieu of prosecution, we cannot find that the trial court erred in granting Nix's request to dismiss his case.

We affirm.

MATHIAS, J., and CRONE, J., concur.