FILED

Mar 23 2023, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana
Indianapolis, Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shalee C. Dowell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 23, 2023<br><br>Court of Appeals Case No.<br>19A-CR-2623<br><br>Appeal from the Perry County<br>Circuit Court<br><br>The Honorable Karen Werner,<br>Special Judge<br><br>Trial Court Cause No.<br>62C01-1805-F2-361 |

**Opinion by Judge May**
Chief Judge Altice and Judge Riley concur.

**May, Judge.**

[1] In this procedurally anomalous circumstance, where appellate counsel determined pages of the transcript were missing after the completion of Shalee C. Dowell's direct appeal, we reopened the direct appeal and permitted counsel to raise any new issues revealed in the pages of transcript that had been missing. As a result of counsel's review, Dowell now challenges the sufficiency of the State's evidence that she committed Level 2 felony dealing in methamphetamine.[1] The State cross-appeals to challenge our reopening of the case for supplemental briefing. For reasons explained more fully below, we affirm.

# Facts and Procedural History

[2] In our earlier opinion, we stated the facts relevant to that appeal, which are also pertinent here:

> On May 2, 2018, officers initiated a traffic stop on a gold Oldsmobile Alero after observing the vehicle drive "left of center." Three people were in the car. Dowell was the driver, and the passengers were Christopher Wiseman and James Tucker. The officers decided to remove all of the vehicle's occupants in order to conduct a K9 open air sniff of the vehicle.
>
> When Dowell exited the vehicle, Officer Jason Shadwick noticed she was acting "unusually nervous." While Officer Shadwick was handing Dowell's driver's license and registration to another officer, he noticed her "trying to place a stainless vial into the

---

[1] Ind. Code § 35-48-4-1.1(e).

back of her pants." Officer Shadwick intercepted the vial because "[t]hrough [his] years and experience, those are commonly used for controlled substances." Officer Shadwick also removed a cell phone from Dowell's back pocket.

Next, Officer Daymion Marsh went to the passenger side of the car and asked Tucker to exit the vehicle. When Tucker did so, Officer Marsh observed a "[c]lear Ziploc bag containing several other Ziploc bags ... [that] contained a crystal substance" on the passenger floorboard of the vehicle. Officer Marsh testified that, based on his training and experience, the packaging and quantity indicated the substance was prepared for "[d]ealing purposes." The substance was later tested and determined to be 16 grams of methamphetamine, in individual portions of 2.83-3.55 grams. Officers arrested Dowell, Tucker, and Wiseman.

*Dowell v. State*, 155 N.E.3d 1284, 1285-6 (Ind. Ct. App. 2020) (internal citations to the record omitted). Several text messages between Wiseman and Dowell contained language consistent with drug dealing, and Wiseman admitted the messages were about Dowell selling methamphetamine to his friend at work. In the texts, Dowell indicated she could sell Wiseman's friend a "ball." (Tr. Vol. II at 215.) Wiseman reported a "ball" meant an "8-ball" which was "three-and-a-half grams of meth." (*Id*.) Dowell also communicated with another unidentified person via text message and told that person, "My car got repoed so I'll be in a gold alero." (Ex. Vol. I at 69) (errors in original). Finally, Dowell called sister Shianne from jail and asked Shianne to dispose of certain drug-related items, which Shianne disposed after finding the items where Dowell said they would be.

[3] On May 6, 2018, the State charged Dowell with Level 2 felony dealing in methamphetamine, Level 4 felony possession of methamphetamine,[2] and Level 6 felony maintaining a common nuisance.[3] The State later added a charge of Level 6 felony obstruction of justice.[4] After a three-day jury trial, the jury returned a verdict of guilty as to all charges. The trial court dismissed the Level 4 felony possession of methamphetamine conviction based on double jeopardy concerns. The trial court sentenced Dowell to twenty years for Level 2 felony dealing in methamphetamine, one-and-one-half years for Level 6 felony maintaining a common nuisance, and one-and-one-half years for Level 6 felony obstruction of justice. The trial court ordered the sentences to be served consecutive to one another for an aggregate sentence of twenty-three years.

[4] In her first direct appeal, Dowell argued the State did not present sufficient evidence she committed Level 6 felony maintaining a common nuisance because "the State did not prove that she used her vehicle more than one time to possess or deal methamphetamine." *Dowell,* 155 N.E.3d at 1286-7. We reversed Dowell's conviction of Level 6 felony maintaining a common nuisance because "the State proved Dowell used the gold Alero only on May 2, 2018, to transport drugs for sale. That single instance of use is not sufficient to prove Dowell committed Level 6 felony maintaining a common nuisance." *Id.* at

---

[2] Ind. Code § 35-48-4-6(c).

[3] Ind. Code § 35-45-1-5(c).

[4] Ind. Code § 35-44.1-2-2(a).

1287. We issued our opinion on Dowell's direct appeal on October 23, 2020. Neither the State nor Dowell petitioned for rehearing or for transfer to our Indiana Supreme Court, and the opinion was certified on December 18, 2020.

[5] On July 27, 2021, Dowell filed a pro se petition for post-conviction relief. Deputy State Public Defender Adam Carter filed his appearance on Dowell's behalf. On March 17, 2022, Dowell's mother, Stephanie Thompson, contacted Dowell's appellate counsel, Cara Schaefer Weineke, to inform her a portion of the trial transcript from Dowell's trial, specifically Thompson's testimony, was missing from the record submitted on appeal. Weineke confirmed Thompson's assertion.

[6] On March 31, 2022, via appellate counsel Weineke, Dowell petitioned this court to reassume jurisdiction of her case, order the trial court to prepare the missing portion of the transcript, and allow Dowell to file a supplemental brief "to raise any issues that were not previously raised and whose merits were augmented by inclusion of the missing portions of the transcript." (Appellant's Verified Petition to Reassume Jurisdiction and to Reopen Case for Supplemental Briefing at 5.) The State did not respond. On April 22, 2022, we granted Dowell's petition.

# Discussion and Decision

# 1. Reassumption of Jurisdiction and Supplemental Briefing[5]

The State asserts we "should vacate the order allowing Dowell to reopen her direct appeal because there is no authority supporting the extraordinary relief of providing her a second direct appeal without first obtaining post-conviction relief." (Br. of Appellee at 11.) However, the State did not respond to Dowell's petition asking us to reassume jurisdiction and allow supplemental briefing. After we granted Dowell's petition on April 22, 2022, the State did not ask us to reconsider our decision. The State did not respond to Dowell's motion asking this court to stay the proceedings in order to allow Dowell to request the missing portions of the transcript from the trial court. After we granted Dowell's motion to stay, the State did not ask us to reconsider our decision. The State did not respond to Dowell's motion to compel the trial court to issue an order certifying completion of clerk's record. After we granted that motion on September 1, 2022, the State did not ask us to reconsider our decision.

Plainly put, the State had multiple opportunities to assert its objection to this court's course of action, but the State failed to do so. Therefore, the State has waived any challenge to our decision to reassume jurisdiction of Dowell's direct appeal and permit supplemental briefing. *See*, *e.g.*, *State v. Barlow*, 181 Ind. App. 79, 80, 390 N.E.2d 1046, 1047 (1979) (a party may not sit idly by and observe what it perceives as error, without calling it to the attention of the court, and

---

[5] Because the State's cross-appeal issue, if successful, would be dispositive of this appeal, we address it first.

then "attempt to raise that error to his advantage on appeal"). Waiver notwithstanding, to the extent our decision deviates from the Indiana Rules of Appellate Procedure, we note Indiana Appellate Rule 1 allows this court, in its discretion, to "permit deviation from these Rules."

## 2. Sufficiency of the Evidence

[9] Dowell argues the State did not present sufficient evidence she committed Level 2 felony dealing in methamphetamine. Our standard of review for claims challenging the sufficiency of the evidence is well-settled:

> Sufficiency-of-the-evidence claims ... warrant a deferential standard, in which we neither reweigh the evidence nor judge witness credibility. Rather we consider only the evidence supporting the judgment and any reasonable inferences drawn from that evidence. We will affirm a conviction if there is substantial evidence of probative value that would lead a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt.

*Powell v. State*, 151 N.E.3d 256, 262-63 (Ind. 2020) (internal citations omitted). To prove Dowell committed Level 2 felony dealing in methamphetamine, the State had to present evidence she possessed more than ten grams of pure or adulterated methamphetamine with the intent to deliver. Ind. Code § 35-48-4-1.1(e).

[10] Dowell asserts the State did not present sufficient evidence she knew the methamphetamine was in her vehicle and she intended to deliver it to someone else. She acknowledges methamphetamine packaged in such a way as to

suggest it would be sold was found in her vehicle but contends it was "presumably out of Dowell's view from the driver's seat." (Br. of Appellant at 11.) Thus, Dowell contends, to prove she knew of the methamphetamine in her vehicle, the State had to prove the text messages between Wiseman and Dowell's telephone number were sent by Dowell and not someone else. Dowell argues she presented evidence to refute the State's contention she sent the text messages because, at trial, Thompson testified Tucker was typing on Dowell's phone during the time the text messages were exchanged with Wiseman.

[11]   Officer Marsh testified he observed methamphetamine in plain view on the floorboard of the passenger side of Dowell's vehicle. Officer Marsh testified the methamphetamine was packaged in small bags that were then stored in a larger bag. He testified such packaging, in his experience, was consistent with dealing methamphetamine. Further, Wiseman testified he communicated with Dowell earlier that day regarding the sale of methamphetamine. Dowell's alternate explanation of the identity of the person with whom Wiseman communicated regarding the sale of methamphetamine is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Powell*, 151 N.E.3d at 263 (appellate court cannot reweigh evidence or judge the credibility of witnesses). The State's evidence was sufficient to permit a reasonable trier of fact to find beyond a reasonable doubt that Dowell knew about the methamphetamine and intended to sell it to Wiseman. *See*, *e.g.*, *Durstock v. State*, 113 NE.3d 1272, 1279 (Ind. Ct. App 2018) (evidence Durstock

possessed over six grams of fentanyl and a scale, in conjunction with Durstock's jail phone call to a third party during which Durstock admitted selling drugs was sufficient to prove Durstock committed Level 2 felony dealing in a narcotic drug), *trans. denied*.

# Conclusion

[12] The State waived any challenge to our decision to reassume jurisdiction by failing to assert any objection to the process before doing so in its appellate brief. Waiver notwithstanding, we have discretion to permit deviation from the Indiana Rules of Appellate Procedure. The State presented sufficient evidence to prove Dowell committed Level 2 felony dealing in methamphetamine. Accordingly, we affirm.

[13] Affirmed.

Altice, C.J., and Riley, J., concur.